**TEMP–RESISTO CORP. and Samuel Kaplan & Sons, Inc., Plaintiffs,**

v.

**Herbert GLATT, Defendant.**

**Civ. A. No. 413.**

United States District Court
D. New Jersey.

Sept. 23, 1955.

Harry Sommers, Newark, N. J., for plaintiffs, Morgan, Finnegan, Durham & Pine, New York City, of counsel.

Peter Gaylor, Elizabeth, N. J., for defendant, Crummy, Consodine, Gibbons & O'Neill, Newark, N. J., of counsel.

WORTENDYKE, District Judge.

Plaintiffs have commenced an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, for a declaratory judgment that a patent issued to defendant for semi-porous coated cloth and articles made therefrom is invalid and that such patent is not infringed by plaintiffs. Defendant has moved to dismiss the complaint under Rule 12(b) and for summary judgment under Rule 56, 28 U.S.C.

The complaint alleges the following: Plaintiffs are engaged in the manufacture and sale of metallic-coated fabrics under the trade name "Temp-Resisto". These fabrics are used principally by garment manufacturers as clothes linings. The defendant has charged directly to the plaintiffs that the fabrics produced and sold by plaintiffs under their trade mark embody an invention purported to be covered by United States Letters Patent No. 2,704,730, issued to defendant for semi-porous coated cloth and articles made therefrom, and that the plaintiffs have thereby infringed defendant's patent. The plaintiffs deny that they or their customers have violated any right of the defendant and claim that the charges of infringement interfered with their business. Plaintiffs, asserting that there is an actual controversy, commence this action for a declaratory judgment seeking to have it established that (1) defendant's patent is invalid and void on the ground that defendant was not the original and first inventor of the improvements described in the patent since there were prior patents, printed publications and prior knowledge by others, and (2) plaintiffs have not infringed defendant's patent but have a right to manufacture and sell their fabrics without interference from defendant.

The defendant moves for a dismissal of the complaint and for summary judgment on a variety of grounds. The arguments in support of the motions are in substance that the complaint fails to state a cause of action under the Declaratory Judgment Act because it does not allege an actual, justiciable controversy between the parties and even if it does, summary judgment should be granted for defendant.

In support of the motions, defendant has submitted three affidavits. The defendant's own affidavit states that he is the owner of United States Letters Patent No. 2,704,730 under which he manufactures and sells ironing pad covers but not reflective liners for clothing, although he points out that the patent contains claims covering such items. Defendant further states that he and his attorney had conversations with Murray Kaplan, an officer of each of the plaintiffs, during the period of time immediately preceding and following the issuance of defendant's patent. According to the defendant, the plaintiffs were interested in the possibility of acquiring a license under the patent for the reason that such license might be of assistance to the plaintiffs in certain patent litigation in which they were themselves defendants. Defendant denies that he had any knowledge as to whether the products of plaintiffs were in any way affected by his patent, and furthermore, denies that during any of the conversations there was any direct or implied charge by defendant or his attorney that plaintiffs had infringed defendant's patent. Defendant's attorney, by affidavit, reiterates defendant's statements, including the statement that there had been no charge of patent infringement. Defendant's accountants deny, by affidavit, that any such charge had been made at the last

of a series of meetings concerning the possible licensing arrangement.

Plaintiffs submitted an affidavit of Murray Kaplan which states that at the last of the conferences at which licensing was discussed the defendant "directly gave me to understand that he considered his patent valid and infringed by our product Temp-Resisto."

 In deciding the motion to dismiss the Court must disregard the affidavits and consider only the allegations of the complaint. If the complaint states a cause of action under the Declaratory Judgment Act, affidavits before the Court cannot be treated as proof contradictory to the allegations of the complaint. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580.

The significant allegations of the complaint are (1) defendant has made a charge that plaintiffs have infringed his patent, (2) plaintiffs deny that they are guilty of infringement, (3) plaintiffs allege that defendant's patent is invalid, and (4) plaintiffs allege that there has arisen an actual controversy as to the rights of the parties under the patent laws of the United States.

 Accepting as true, for the purpose of the motion to dismiss, all of the allegations of the complaint, there is a dispute between adversaries relating to their legal rights and obligations under the Federal patent law. The controversy is definite and concrete, neither hypothetical nor abstract. On the one side, the defendant charges the plaintiffs with infringement of his patent; on the other side, the plaintiffs claim that the patent is invalid and has not been infringed. Such a dispute, touching as it does the legal relations of the parties having adverse legal interests and permitting a definitive determination of the legal rights of the parties, is an "actual controversy" as that term is used in the Declaratory Judgment Act and the action herein is appropriately commenced for adjudication under that Act. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617.

 Defendant makes the argument that sufficient particulars have not been alleged to meet the requirements of the Act. But the Federal Rules of Civil Procedure are applicable to actions under the Act. F.R.Civ.P. Rule 57. There is nothing about cases under the patent laws which requires departure from the guiding principles of simplicity and brevity applicable to complaints in other actions. F.R.Civ.P. Rule 8(a); see also Rule 84 and Form 16. Defendant also argues that plaintiffs should have alleged that defendant's charge of infringement was made in bad faith. This contention is effectively disposed of in Borchard, Declaratory Judgments (2d ed. 1941) 808, quoted with approval in Treemond Co. v. Schering Corporation, 3 Cir., 1941, 122 F.2d 702, 704.

A study of the Treemond case and Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 1943, 137 F.2d 68, both cases involving actions for declaratory judgments as to patent infringement and validity, leave no doubt that defendant's motion to dismiss the complaint must be denied.

 With respect to the motion for summary judgment, the affidavits before the court will be considered but only for the purpose of ascertaining whether an issue of fact is presented, not for the determination of any issue of fact which may be raised. Frederick Hart & Co. v. Recordgraph Corporation, 3 Cir., 1948, 169 F.2d 580; F. A. R. Liquidating Corp. v. Brownell, 3 Cir., 1954, 209 F.2d 375. The affidavit of Murray Kaplan, an officer of each of the plaintiffs, states in effect that defendant charged his patent was infringed by plaintiffs' product, albeit the words chosen by the affiant are not as plain as the allegation of the complaint. The affidavits submitted by defendant state that no such charge was made. As was pointed out in the Treemond case, whether such a charge was actually made is an important aspect of

**152**

the litigation. Since an issue of fact exists with respect to it, the motion for summary judgment must be denied. Only when there is no genuine issue as to any material fact is the moving party entitled to summary judgment. F.R.Civ. P. Rule 56.

 Defendant makes the point that there can be no infringement since plaintiffs and defendant are not in competition and since the plaintiffs deny infringement. This argument of course ignores one fundamental factor alleged in the complaint, which is that defendant has charged the plaintiff with infringement. Regardless of whether or not there has been infringement, once the defendant has made charges of infringement the plaintiffs are entitled to an adjudication with respect to the legal rights of the parties.

In the event of failure of the motions for dismissal and summary judgment, the defendant requests a separate trial under Rule 42(b). Defendant has not specified the exact issues upon which he wishes a separate trial, but presumably the separate trial would relate to the plaintiffs' allegations that defendant charged plaintiffs with patent infringement. The language of Rule 42(b) would seem to indicate that individual issues in a litigation ought not to be plucked out for separate trial unless it is necessary to prevent undue delay or avoid prejudice. As said recently in Frasier v. Twentieth Century-Fox Film Corp., D.C.Neb., 1954, 119 F.Supp. 495, 497:

> "But the trial piecemeal of separate issues in a single suit is not the usual course. It should be resorted to only in the exercise of informed discretion and in a case and at a juncture which move the court to conclude that such action will really further convenience or avoid prejudice."

Furthermore, the defendant has not pointed out why a separate trial would be appropriate under the provisions of the Rule.

For the foregoing reasons, the request for a separate trial is denied. However, if either party so requests, the Court will exercise the authority given it in Rule 57 to advance the trial of the action on the calendar.

An order may be submitted in conformance with this opinion.