Robert F. DRINAN et al., Plaintiffs,

v.

Richard M. NIXON, President of the Unit-
ed States, et al., Defendants.

Civ. A. 73–1424–T.

United States District Court,
D. Massachusetts.

May 8, 1973.

See also, D.C., 364 F.Supp. 854.

William A. Brown, Asst. U. S. Atty.,
for defendants.

Peter Weiss, Center for Constitutional
Rights, New York City, Allan Rosen-
berg, Putnam, Bell & Russell, Boston,
Mass., for plaintiffs.

## ORDER

TAURO, District Judge.

Plaintiffs' complaint seeks declaratory
judgment as to the legality of alleged
military activity by United States forces
in Cambodia.

Plaintiffs were permitted to appear ex
parte for the purpose of urging the issu-
ance of a show cause order, the effect of
which would be to shorten the period of
time (60 days) within which the defend-
ant officers of the United States are
required to serve their answer under
Fed.R.Civ.Pro. 12(a).

Plaintiffs' complaint requests only de-
claratory relief. Although plaintiffs
seek issuance of a show cause order,
plaintiffs' counsel was specific in his as-
sertion to the court that injunctive re-
lief is not sought.

It is clear that show cause or-
ders, which effectively shorten the per-
iod available for filing of responsive
pleadings, are a usual and proper vehicle
in actions seeking injunctive relief. Ex-
igencies of time have been consistently
recognized as a sufficient basis for accel-
erating the procedural calendar of cases
in which injunctive, as opposed to de-
claratory, relief is sought. *See, e. g.,*
Studebaker Corp. v. Gittlin, 360 F.2d
692 (2d Cir. 1966). *See also* 5 Wright
& Miller, Federal Practice and Proce-
dure § 1346 (1969).

Rule 12(a) is clear in its provision that "the United States or an officer or agency thereof" shall have 60 days in which to serve an answer to a complaint. Plaintiffs offer no authority for their proposition that in a case such as this, in which only declaratory as opposed to injunctive relief is sought, the court has power to shorten the period in which a defendant may file an answer. Rule 57 does authorize the court to order a speedy hearing of an action for declaratory relief and to advance it on the calandar for that purpose. *See, e. g.,* Temp-Resisto Corp. v. Glatt, 18 F.R.D. 148 (D.N.J.1955). Implicit in such provision, however, is the assumption that prior to such order for a speedy hearing, the matter in issue will have been joined by the filing of a responsive pleading.

Plaintiffs' request for a show cause order is, therefore, denied without prejudice. Plaintiffs are given leave to renew this request, or to file a motion seeking an abridgment of the permissible period available to defendants under Rule 12(a), together with a memorandum of supporting authority.