## METALS DISINTEGRATING CO., Inc., v. REYNOLDS METALS CO.

### Civ. A. No. 1120.

United States District Court
D. Delaware.
Sept. 12, 1950.

Arthur G. Connolly, of Wilmington, Del., Drury W. Cooper, Jr. and W. D. Keith (of Cooper, Byrne, Dunham, Keith & Dearborn), of New York City, for plaintiff.

Thomas Cooch (of Morford, Bennethum, Marvel & Cooch), of Wilmington, Del., and Raymond F. Adams and Curt Von Boetticher, Jr., of New York City, for defendant.

LEAHY, Chief Judge.

This is an infringement suit involving patents 2,002,891 and 2,144,953 wherein defendant seeks summary judgment. It is the third episode of this litigation as the background facts will show.

Defendant "Reynolds" in 1934 commenced manufacturing flake aluminum powder and paste. Plaintiff "Metals Disintegrating", owner of patents involving like products, sued Reynolds in 1938 for infringement in this court. The parties negotiated and settled with Reynolds taking a license in 1939. It developed later in view of subsequent Supreme Court decisions the license agreement contained questioned provisions purporting to fix prices and limiting sublicensing of dry aluminum bronze powder. In 1946, Reynolds suggested the license was in violation of the anti-trust laws. Thereupon Metals Disintegrating offered an amendment to the license calculated to cure such defects. Reynolds rejected the proposed change as the amendment made no allowance for rebates of royalties to Reynolds for money it considered it had paid improperly. Reynolds then filed an action in the federal district court in New Jersey seeking a reformation of the license—to delete the provisions thought to be illegal—and a refund in the approximate amount of $200,000 of royalty payments made since the date of the original license.

Judge Fake granted the motion of Metals Disintegrating to dismiss the complaint as legally insufficient. D.C., 8 F.R.D. 349. The Court decided that a licensee's action in equity to reform the license and for refund of royalties (state law and the law of New Jersey applying) must be dismissed where the license contains illegal price fixing provisions violative of the anti-trust laws for the reason that the parties are in *pari delicto* and, under such circumstances, the New Jersey courts, with certain exceptions, will not assist either party to a contract illegal under statutory prohibitions. In short, the New Jersey court left Reynolds where it found it. The Court of Appeals, 3 Cir., 176 F.2d 90, affirmed. In the interim, before the district court's decision was rendered, Metals Disintegrating commenced the suit for infringement here. It subsequently amended its complaint and alleged that any illegal effect of the original license agreement had been "completely dissipated for some time, so that neither the parties nor the public nor any member thereof, is now damaged thereby."

Reynolds contends that its motion for summary judgment should be granted because in the New Jersey action it was found as a fact that Metals Disintegrating was guilty of a misuse of the patent privilege and impliedly, at least, found that there was lack of dissipation and a purging of the original wrongdoing. This is followed by the argument that the findings in the New Jersey action are *res judicata* here. Arguing against summary judgment, Metals Disintegrating's position is, and it has so pleaded, the misuse is at an end, any illegal consequences have been dissipated, the purge has been complete, and plaintiff is, therefore, in a position to assert its statutory rights against any infringer. This means, it would appear, there is dispute as to a material issue of fact, viz., whether there is presently a misuse and whether there has been a complete dissipation. The question as to whether mis-

898

use has been abandoned and its consequences dissipated is obviously a factual question. Such facts are at issue by virtue of plaintiff's pleadings alone. If defendant does not deny the facts as asserted, then its motion for summary judgment must fail on the alleged facts. If defendant Reynolds, on the other hand, denies the facts as pleaded, then just as obviously there is an issue of material fact.

Defendant throughout rests too heavily on the significance of the New Jersey litigation. Admittedly, where patents have been misused in violation of the anti-trust laws, no recovery for infringement may be had during the period of misuse. Plaintiff admits this. But whether there can be recovery for infringement after a complete purge of the wrong-doing has taken place raises vastly different considerations. An examination of the record both before the trial court and appellate court shows that no such considerations were resolved in the New Jersey litigation. If today plaintiff is without fault, to bar recovery for current infringement and in the future, or since purge, would give defendant free use of the patents in suit as against plaintiff and other licensee-competitors. On the present state of the record, the motion for summary judgment must be denied. Not only is there an issue of a material fact—determination of the misuse and the dissipation of its consequences—but likewise to decide this motion in favor of defendant, at this time, would be to decide in the face of well pleaded facts to the contrary. Such a decision would be contrary to the forceful admonition of Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580.

Judge Parker's recent opinion in Westinghouse Electric Corp. v. Bulldog Electric Products Co., 4 Cir., 179 F.2d 139, enforces the decision reached here. There it was held even assuming some of the provisions of a license agreement *were* void there is no valid reason to deny *after* purge the aid of a court of equity in the protection of the patentee's rights as against infringers. This conclusion had already and has since been reached in B. B. Chemical Co. v. Ellis, 314 U.S. 495, 498,

62 S.Ct. 406, 86 L.Ed. 367; Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 493, 62 S.Ct. 402, 86 L.Ed. 363; Sylvania Industrial Co. v. Visking Corp., 4 Cir., 132 F.2d 947, 958; Campbell et al. v. Mueller, 6 Cir., 159 F.2d 803.

An order may be submitted and the issues next to be tried may be suggested.