**COMPTON et al. v. UNION SUPPLY CO.**
**Civ. A. 9471.**

United States District Court
W. D. Pennsylvania.
Feb. 25, 1953.

Louis F. Silhol, Pittsburgh, Pa., for plaintiffs.

John G. Wayman, John C. Bane, Jr., and Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiffs brought this action under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to recover overtime compensation and penalties allegedly due them from defendant. Subsequently, defendant filed a motion to dismiss the complaint on the grounds that:

(1) The complaint fails to state facts sufficient to show jurisdiction of this court in the matter; and

(2) The complaint fails to state a claim upon which relief can be granted.

Under the Federal Rules of Civil Procedure, 28 U.S.C. while a complaint must set forth a basis for jurisdiction, it need not state facts sufficient to constitute a cause of action. Its function is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation

**4**

involved. Continental Collieries, Inc. v. Shober, 3 Cir., 1942, 130 F.2d 631; Shapiro v. Royal Indemnity Co., D.C.W.D.Pa.1951, 100 F.Supp. 801. On a motion to dismiss, the complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580; Continental Collieries, Inc. v. Shober, supra; Shapiro v. Royal Indemity Co., supra. Furthermore, the Court of Appeals for the Third Circuit has held that no matter how unlikely it may seem that the pleader will be able to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it. Frederick Hart & Co. v. Recordgraph Corp., supra; Continental Collieries, Inc. v. Shober, supra.

Defendant's contention is that the plaintiffs must allege that they are each engaged in commerce or in the production of goods for commerce and that in the absence of such an allegation, there is neither a sufficient averment of jurisdiction nor a statement of a claim upon which relief can be granted. We recognize the principle of law referred to by the defendant to the effect that each plaintiff is not entitled to recover under the Fair Labor Standards Act unless he, individually, is engaged in commerce or in the production of goods for commerce. The application of the Act depends upon the character of the employee's activities without regard to the nature of the employer's business. Warren-Bradshaw Drilling Co. v. Hall, 1942, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83. However, this is not determinative of the question before us. Plaintiffs have alleged a claim under the Fair Labor Standards Act, and, under the allegations of the complaint, may offer evidence tending to prove that plaintiffs were engaged in commerce or in the production of goods for commerce as those terms are defined in the Act. This is a sufficient averment of a claim to prevent the dismissal of the complaint.

Likewise, the allegation that the claim is under the Fair Labor Standards Act is a sufficient averment of jurisdiction to prevent the dismissal on this ground since that Act is an "Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337.

An appropriate order will be entered.