Philip KLEIN, Plaintiff,

v.

The LIONEL CORPORATION, a New York corporation, Rosenbaum's Inc., a Delaware corporation, John Wanamaker Wilmington, Incorporated, a Delaware corporation, Sears, Roebuck and Co., a New York corporation, and Strawbridge & Clothier, a Pennsylvania corporation, Defendants.

Civ. A. 1671.

United States District Court
D. Delaware.

July 12, 1955.

See also 130 F.Supp. 725; 18 F. R.D. 186.

John Van Brunt, Jr., and David Snellenburg, II (of Killoran & Van Brunt), Wilmington, Del., for plaintiff.

Thomas Cooch and Thomas S. Lodge (of Connolly, Cooch & Bove), Wilmington, Del., for defendant, The Lionel Corp.

Clement C. Wood (of Young & Wood), Wilmington, Del., for defendant, Rosenbaum's Inc.

Henry M. Canby and James T. McKinstry (of Richards, Layton & Finger), Wilmington, Del., and Harry E. Sprogell and Joseph Ewing (of Saul, Ewing, Remick & Saul), Philadelphia, Pa., for de-

fendant, John Wanamaker Wilmington, Inc.

Richard F. Corroon (of Berl, Potter & Anderson), Wilmington, Del., and Lederer, Livingston, Kahn & Adsit, Chicago, Ill., for defendant, Sears, Roebuck and Co.

Edwin D. Steel, Jr., and William S. Megonigal, Jr. (of Morris, Steel, Nichols & Arsht), Wilmington, Del., and Thomas B. K. Ringe, Miles W. Kirkpatrick and Frank L. Luce (of Morgan, Lewis & Bockius), Philadelphia, Pa., for defendant, Strawbridge & Clothier.

RODNEY, District Judge.

The present question concerns a motion of Lionel, a defendant, to stay the taking of depositions noticed by the plaintiff, said depositions to be taken of certain officers or agents of Lionel. The motion is to stay the depositions until the determination of pending motions by all parties for summary judgment.

The chronological order of material matter is as follows:

On December 29, 1954, the complaint was filed. The action allegedly arises under the Robinson-Patman Act of 1936, 15 U.S.C. § 13. By paragraph 10 of the complaint, it is alleged that Lionel unlawfully discriminated in the prices of its products between the plaintiff and the other defendants. It was alleged that the discrimination arose from Lionel giving to the other defendants certain private and secret discounts, adjustments and allowances that were not given or made available to the plaintiff.

January 18, 1955, the answer of Lionel specifically denies the allegation and states "The Lionel Corporation alleges that it maintains a reasonable and uniform schedule of discounts * * *".

February 1, 1955, the plaintiff directed certain interrogatories to Lionel.

April 15, 1955, the plaintiff moved for summary judgment on the pleadings and affidavits then filed.

May 16, 1955, defendant, Lionel, answered the interrogatories propounded February 1, 1955.

The plaintiff now seeks to take the depositions of officers and agents of Lionel. He is, of course, entitled to take such depositions and obtain information and evidence therefrom which he deems may be of value to him. This right, however, must bear some relation to the value of the exercise of the right to him and also a relation to the rights of others.

The entire case is now set down for argument on a day certain on motions for summary judgment by all parties. It is never intended that a motion for summary judgment shall result in the trial of issues of fact as those facts may be shown at the trial itself. A summary judgment, which does not differ in effect from other judgments, is only available when no issue of fact exists. In the present case an averment of fact is expressly set out in the complaint. It is specifically denied in the answer. In Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, it is expressly held that an averment of fact in a complaint may not be defeated, in proceedings for summary judgment, by an affidavit or, I presume, other extraneous proceedings.

In the present case if the plaintiff desires information from the defendant which is not useful to him on his motion for summary judgment but will be of use to him upon the trial of the cause, then the acquisition of such information should await the disposition of the pending motions for summary judgment. There could be no reason to undergo the expense and inconvenience of long depositions for use at the trial until the disposition of the defendants' motions for summary judgment, which might determine the validity of the plaintiff's complaint. If, as he alleges, the plaintiff desires the information for use in connection with his motion for summary judgment, it is only necessary to suggest that

**186**

any issue of fact as established by the complaint and answer can not be determined by a subsequent affidavit or deposition and the plaintiff's motion for summary judgment is based upon the pleadings and other matters as they then appeared.

I recognize that the plaintiff contends that the information to be derived from the depositions is not to be used to determine the correctness of any issue of fact, but to determine whether an issue of fact does exist and, if not, to allow the operation of law upon the admitted facts.

This, however, results in the practical substitution of a motion for summary judgment for an actual trial, and to conduct the trial by a series of depositions to determine all the facts rather than the personal appearance of witnesses and motions for summary judgment, I think, were intended for no such purpose.

■ As said in Peckham v. Ronrico Corp., 1 Cir., 171 F.2d 653, at page 657, " * * * A litigant has a right to a trial where there is the slightest doubt as to the facts. * * * " This, I assume, includes the implications or assumptions from these facts.

■ In this case I have no doubt that the plaintiff is entitled at some stage to have the information he seeks by deposition. I only decide that the plaintiff, having filed a motion for summary judgment on the ground that from the pleadings and other matters then on file no issue of fact exists, may not by a series of depositions again seek to establish existing facts where such a course will lead to a complete and actual trial rather than a trial in due course.

The depositions should be stayed until the disposition of the motions for summary judgment.

An appropriate order may be submitted.