**DEAN OIL COMPANY, Plaintiff,**

v.

**AMERICAN OIL COMPANY,**
Defendant.

Civ. A. No. 7–56.

United States District Court
D. New Jersey.

Dec. 26, 1956.

Koestler & Koestler, Melvin J. Koestler, Elizabeth, N. J., for plaintiff.

Stickel & Stickel, Fred G. Stickel, Jr., Newark, N. J., for defendant.

WORTENDYKE, District Judge.

Defendant's motion in this private treble damage action under Section 4 of the Clayton Act, 15 U.S.C.A. § 15, for dismissal of the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C., poses the critical

question of whether Section 3 of the Robinson-Patman Act, 15 U.S.C.A. § 13a is one of the anti-trust laws as defined by Section 1 of the Clayton Act, 15 U.S. C.A. § 12, for violation of which Section 4 of the same Act provides a private civil action for treble damages. The motion also impugns the constitutionality of Section 3 of the Robinson-Patman Act as violative of the Fifth Amendment. Movant also charges that Section 3 is, in any event, inapplicable to the transactions complained of and asserts that the complaint fails to allege that sales of goods of like grade, quality and quantity were involved or that the charged offending acts of the defendant were for the purpose of destroying competition or eliminating a competitor.

Plaintiff, on its part, moves to strike from defendant's answer the fourth and fifth affirmative defenses therein set forth, which respectively allege that the plaintiff itself discriminated in price among its customers, thereby lessening competition and precluding its recovery in this action, and that the cause or causes of action alleged in the complaint accrued more than two years prior to the commencement of this action and are, therefore, barred by the Statute of Limitations, N.J.S.A. 2A:14–10. Plaintiff's motion addressed to the fourth affirmative defense was denied. With respect to the fifth affirmative defense, decision was reserved.

### The Complaint.

Plaintiff, a New Jersey corporation, engaged in the sale and distribution of petroleum products throughout certain Counties of the State of New Jersey, charges that from 1940 through June 30, 1953 it was a customer of the defendant, a Delaware corporation authorized to transact business in New Jersey and engaged in interstate commerce. It is alleged that defendant's oil fields and refining plants are located without the State of New Jersey, and that it shipped the products of its refineries to its marine bulk storage station at Carteret, New Jersey, from which defendant made sales in interstate commerce to retail gasoline service stations, both operated by itself and by dealers within the State. It is further alleged that plaintiff purchased defendant's products at the latter's terminal aforesaid, taking delivery thereat in plaintiff's own tank trucks, and thereby transporting same to plaintiff's own storage tanks within the State and to the service stations of customers of the plaintiff. Plaintiff charges that from January 6, 1950 to June 30, 1953, in violation of Section 2 of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13, and of Section 3 of the Robinson-Patman Act, defendant continuously discriminated against the plaintiff in 'certain respects and particulars, all as set forth in the subdivisions of paragraph 9 of the complaint. Plaintiff claims that in consequence of such discriminations and differences in price it suffered damage in the amount of $150,000, was unable successfully to compete with other distributor-customers of defendant, and was unable to sell the gasoline which the plaintiff purchased from defendant at prices which would enable the gasoline service station customers of the plaintiff to successfully compete with other gasoline service station operators. Plaintiff claims to have suffered loss of customers because some were taken over as customers by the defendant and others were forced out of business; thereby causing a decline in plaintiff's business to the extent of $100,000, and a loss of equipment and facilities which plaintiff had furnished to its customers amounting to $20,000. Treble the aggregate of all of these damages is sought, together with attorney's fees.

### Answer.

Defendant denies the offenses charged against it in the complaint and affirmatively pleads, in addition to those defenses hereinabove referred to, that it falls within the exonerative provisos of subsections (a) and (b) of Section 13 of Title 15 of the United States Code Annotated. Section 3 of the Clayton Act, 15 U.S.C.A. § 13a, reads as follows:

"§ 13a. Discrimination in rebates, discounts, or advertising service charges; underselling in particular localities; penalties

"It shall be unlawful for any person engaged in commerce, in the course of such commerce, to be a party to, or assist in, any transaction of sale, or contract to sell, which discriminates to his knowledge against competitors of the purchaser, in that, any discount, rebate, allowance, or advertising service charge is granted to the purchaser over and above any discount, rebate, allowance, or advertising service charge available at the time of such transaction to said competitors in respect of a sale of goods of like grade, quality, and quantity; to sell, or contract to sell, goods in any part of the United States at prices lower than those exacted by said person elsewhere in the United States for the purpose of destroying competition or eliminating a competitor in such part of the United States; or, to sell, or contract to sell, goods at unreasonably low prices for the purpose of destroying competition or eliminating a competitor.

"Any person violating any of the provisions of this section shall, upon conviction thereof, be fined not more than $5,000 or imprisoned not more than one year, or both."

Defendant's present motion to dismiss rests upon its contention that a violation of the foregoing section does not justify the invocation of section 4 of the Clayton Act, 15 U.S.C.A. § 15, in the form of a civil action for treble the damages suffered by the plaintiff in consequence of such violation. The latter section authorizes suit for threefold damages by "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws." The presently moving defendant insists that section 3 of the Act, 15 U.S.C.A. § 13a, is not a part of the "antitrust laws" as that phrase is used in section 4 and that therefore the remedy sought in the instant action is not available insofar as it may be based upon a violation of section 3.

The issue presented by plaintiff's denial of movant's contention in this regard has apparently not yet been directly adjudicated by the Supreme Court of the United States and the decisions of the Courts of Appeal are in conflict thereon.

The motion under consideration, according to the Notice thereof, is brought under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the complaint "insofar as it is sought to be based on Section 3 of the Robinson-Patman Act", 15 U.S.C.A. § 13a, (1) for lack of jurisdiction of the subject matter and (2) for failure to state a claim upon which relief can be granted. The Rule invoked provides (in part) that "every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, * * * (6) failure to state a claim upon which relief can be granted, * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted." Defendant has seen fit to postpone this motion to the filing of its answer. With respect to Section 3 of the Robinson-Patman Act which the complaint charges was violated by defendant, the answer denies the violation but admits that the action is brought "to recover treble damages pursuant to the named statute for alleged violations by defendant of other listed statutes." Nowhere in the answer, however, appears any charge or averment embodying an attack upon the complaint "insofar as it is sought to be based on Section 3 of the Robinson-Patman Act" as presented by this motion. The defenses which defendant now raises, however, are excepted from waiver. See Rule 12(b) and Gavin v. Hudson & Manhattan R. Co., 3 Cir., 1950, 185 F.2d 104, 27 A.L.R.2d 739.

The pending motion, insofar as it seeks a dismissal of the complaint must be denied, irrespective of this Court's views respecting the validity or efficacy of the provisions of Section 3 of the Robinson-Patman Act, to support the present action, which the defendant here attacks. The complaint rests only partly upon alleged violation of Section 3 as a basis for jurisdiction. Plaintiff also charges violations of Section 2 of the Clayton Act, as amended by the Robinson-Patman Act, and defendant makes no attack upon Section 2 as an appropriate basis for some of the claims asserted in the complaint. Whether the evidence will show the existence of violations of Section 2 will depend upon the trial of the case upon the merits. For the purpose of the present motion we must, therefore, assume as true the plaintiff's allegations that the defendant was guilty of violations of that Section. Frederick Hart & Co., Inc., v. Recordgraph Corporation, 3 Cir., 1948, 169 F.2d 580. Accordingly, the attacked pleading withstands the motion to dismiss. Defendant however suggests that if violations of Section 3 of the Robinson-Patman Act are found to be insufficient to afford a basis for the present civil action for treble damages the issues may be simplified by a determination accordingly in advance of trial. While the Court deems it unnecessary to make this determination in order to justify its denial of the motion to dismiss the complaint, counsel for each of the parties apparently desires an expression of the Court's view of a question which has evoked much discussion but which has not been finally determined by the Supreme Court of the United States; although it has been recently conflictingly responded to by the Courts of Appeal of two Circuits. See Nashville Milk Co. v. Carnation Co., 7 Cir., 1956, 238 F.2d 86; and Vance v. Safeway Stores, 10 Cir., 1956, 239 F.2d 144. Neither of these cases involved an adjudication upon a question of the constitutionality of Section 3. Movant here charges such unconstitutionality upon the assertion that Section 3 violates the Fifth Amendment in that it is vague and indefinite. It is elementary that the constitutionality of an Act may not be questioned by a party whose rights are not affected thereby. Moore Ice Cream Co. v. Rose, 1932, 289 U.S. 373, 383, 53 S.Ct. 620, 77 L.Ed. 1265. I refrain from passing upon the constitutionality of Section 3 of the Robinson-Patman Act because the defendant has not shown itself to be entitled to raise the question here in view of the language of the Supreme Court of the United States in Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, at page 488, 43 S.Ct. 597, at page 601, 67 L.Ed. 1078, as Mr. Justice Sutherland, speaking for the Court said:

"We have no power per se to review and annul acts of Congress on the ground that they are unconstitutional. That question may be considered only when the justification for some direct injury suffered or threatened, presenting a justiciable issue, is made to rest upon such an act. Then the power exercised is that of ascertaining and declaring the law applicable to the controversy. It amounts to little more than the negative power to disregard an unconstitutional enactment, which otherwise would stand in the way of the enforcement of a legal right. The party who invokes the power must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally."

It is, of course, obvious that if, as defendant contends, Section 3 of the Robinson-Patman Act is not one of the antitrust laws for the violation of which Section 4 of the Clayton Act invests a private party with a cause of action for treble damages, then the question of the constitutionality of Section 3 is irrelevant. Fairmont Creamery Co. v. State of Minnesota, 1927, 274 U.S. 1, 47 S.Ct. 506, 71 L.Ed. 893, relied on by defendant

to justify its charge of unconstitutionality against Section 3 is not authority for the asserted contention nor does it justify defendant's standing to make the charge. In Fairmont Creamery, appellant was convicted under a law of the State of Minnesota which imposed a penalty upon any one engaged in the business of buying milk, etc., who paid a higher price for the commodity in one locality than for the same commodity in another within the State. The Supreme Court of the United States reversed the conviction because it found that the statute infringed the liberty of contract guaranteed by the Fourteenth Amendment. The appellant there was obviously in a position to contest the constitutionality because the conviction appealed from depended entirely upon the determination of that issue. Although Section 3 of the Robinson-Patman Act imposes penalties for commissions of the forms of discrimination therein stated to be unlawful, the present defendant is not exposed to any of those penalties in the present action or under Section 3. In the case at bar the plaintiff is seeking treble damages for acts on the part of the defendant which the plaintiff charges amounted to the forms of discrimination enumerated in Section 3. The reasons which induced the Supreme Court to affirm the constitutionality of the Sherman Anti-Trust Act in United States v. Frankfort Distilleries, Inc., 1945, 324 U.S. 293, 65 S. Ct. 661, 89 L.Ed. 951 and in Northern Securities Co. v. United States, 1904, 193 U.S. 197, 24 S.Ct. 436, 48 L.Ed. 679, afford equal support for the constitutionality of Section 3 of the Robinson-Patman Act.

■ We come now to a consideration of the authorities which have considered the question whether Section 3 of the Robinson-Patman Act is one of the anti-trust laws for the violation of which a private person may recover treble damages from the violator under Section 4 of the Clayton Act. It is the opinion of this Court that Section 3 is clearly an anti-trust law for the reasons expressed by the Tenth Circuit Court of Appeals in Vance v. Safeway Stores, supra, and by Judge Yankwich in Balian Ice Cream Co., Inc., v. Arden Farms Co., D.C.S.D.Cal.1950, 94 F.Supp. 796, which embodied the view adopted in Vance. Moreover, although the point was apparently not raised before it, the Supreme Court of the United States treated Section 3 of the Robinson-Patman Act as one of the anti-trust laws for the purpose of supporting the recovery of treble damages under Section 4 of the Clayton Act in Moore v. Mead's Fine Bread Co., 1954, 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145, rehearing denied 348 U.S. 932, 75 S.Ct. 334, 99 L.Ed. 731. The same high Court in Bruce's Juices, Inc., v. American Can Co., 1947, 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219, dealt with the question whether renewal notes for the purchase price of goods sold would be uncollectible if the vendor violated Section 3 of the Robinson-Patman Act. While the Court concluded that the maker of the notes could not be relieved by proof of such violations, Mr. Justice Jackson, speaking for the Court, 330 U.S. at page 750, 67 S.Ct. at page 1018, said:

"The Act prescribes sanctions, and it does not make uncollectibility of the purchase price one of them. Violation of the Act is made criminal and upon conviction a violator may be fined or imprisoned. * * * Any person who is injured in his business or property by reason of anything forbidden therein [Section 3] may sue and recover threefold the damages by him sustained and the costs of suit, including a reasonable attorney's fee. [Citing 15 U.S.C.A. § 15.] This treble damage provision to redress private injury and the criminal proceedings to vindicate the public interest are the only sanctions provided by Congress."

Because I am persuaded by the reasoning and conclusions in Balian, which

were adopted in Vance, I hold that Section 3 of the Robinson-Patman Act is one of the anti-trust laws contemplated by Section 4 of the Clayton Act. It would serve no useful purpose to review the legislative history or to analyze the authorities so ably presented and discussed in Balian, and I therefore refrain from doing so.

I conclude that this Court has jurisdiction of the subject matter in this action and that the complaint therein sets forth claims upon which relief can be granted. Defendant's motion to dismiss is accordingly denied.

Plaintiff's motion to strike the fifth affirmative defense, set forth in defendant's answer, is granted. That defense pleaded a two-year Statute of Limitations in bar of the causes of action alleged in the complaint. The cause or causes of action alleged arose in New Jersey. This Court sits in the District of New Jersey and therefore the Statute of Limitations of the forum applicable to the causes of action alleged controls in this Court. As I pointed out in Gordon v. Loew's Inc., D.C., 147 F.Supp. 398, the private anti-trust suit under the Clayton Act is an action on the case for a tortious injury to the rights of another. It is, therefore, governed by Section 2A:14-1 of the Revised Statutes of New Jersey, N.J.S.A., which requires that it be commenced within six years next after the cause of action shall have accrued. The Act of July 7, 1955, 15 U.S.C.A. § 15b, prescribing a Federal four-year Statute of Limitations for actions of this kind did not take effect until two days after the present action was instituted, consequently, this action is governed by the New Jersey Statute of Limitations cited. The period within which the complaint charges that the anti-trust violations complained of took place extended from January 6, 1950 to June 30, 1953; hence the causes of action for which treble damages are here sought accrued within six years preceding the commencement of this action (complaint filed January 5, 1956) and the defense of Statute of Limitations

must fall. The motion to strike the fifth affirmative defense in defendant's answer is granted.

Orders may be presented in conformity with the views hereinabove expressed.