Michael A. ROPOS, Jr., Administrator of the Estate of Joanne Ropos, Deceased, Plaintiff,

v.

LONG TRANSPORTATION COMPANY, a corporation, Defendant.

Civ. A. No. 15065.

United States District Court
W. D. Pennsylvania.

Jan. 15, 1957.

Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

Gregg & Price, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action for damages based on negligence.

Defendant is an interstate motor carrier which operates, inter alia, through a franchise issued by legal authority. At the time of the accident, through order and direction of defendant, operator of vehicle was proceeding to point of origin to secure cargo for delivery outside of Pennsylvania.

Motion to dismiss complaint is filed by defendant based on legal thesis that defendant was not the owner or operator of the vehicle, nor was the operator an agent of the defendant.

A motion to dismiss a complaint must be viewed in the light most favorable to the plaintiff. Complaint should not be dismissed unless it appears to a certainty that plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim; further, no matter how likely it may seem that the pleader will be unable to prove his case, he is entitled upon averring a claim to an opportunity to try to prove it. Frederick Hart & Co., Inc., v. Recordgraph Corp., 3 Cir., 169 F.2d 580.

The action based on diversity of citizenship requires application of Pennsylvania Law as to the substantive rights of the parties.

Is a franchise holder liable for acts of negligence where a vehicle involved in an accident is not owned or operated by the franchise holder, but is proceeding to the point of origin of the haul at the order and direction of the franchise holder?

Help is gained from the Restatement of the Law of Torts, Section 428:

"An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity."

To permit a franchise holder to escape liability while a motor vehicle is being operated to a point where the vehicle is to be loaded with the cargo, authorized for transportation by said franchise holder, militates against public policy and contrary to the purport for which franchises are issued in connection with an activity involving unreasonable risk of harm to others.

The rule set out in the Restatement is principally applicable to public service corporations which, as such, are of franchise, permitted by their franchise to use instrumentalities which are peculiarly dangerous unless carefully operated.

I conclude that a trip en route to pick up a cargo by a third person, authorized, ordered and directed by a franchise holder as an interstate motor carrier, is so inextricably tied up with the shipment, as an incident to and a part thereof, as to create liability on the part of the franchise holder if the operator of the vehicle so operated commits an act of negligence which is the proximate cause of the accident.

If the court is in error in the conclusion reached, I believe a consideration of the complaint in the light most favorable to the plaintiff requires the submission of the matter to a jury on the question of agency of the driver of the vehicle on behalf of the defendant.

Paragraph 5:

" * * * At the said time and place the truck was en route pursuant to the defendant's instructions to pick up a load of steel for transportation to Brooklyn, New York. The said load of steel was to be

**700**

picked up at Allenport, Pennsylvania and transported to New York under the authority granted to the defendant by the Interstate Commerce Commission."

Said allegation alleges an agency relationship between the defendant and the driver of the motor vehicle. Whether or not the factual circumstances will support such an agency relationship is a matter for the determination of the jury. Rosu v. Law, 3 Cir., 193 F.2d 894; Lashbrook v. Kennedy Motor Lines, D.C.W.D. of Pa., 119 F.Supp. 716.

The plaintiff must be given an opportunity to prove his claim. The motion to dismiss is refused based on each of the foregoing conclusions.

An appropriate Order is entered.