Harvey HURWITZ, Trustee in Bankruptcy of BASSMAN'S, INC., Bankrupt,

v.

FIDELITY AMERICA FINANCIAL CORPORATION
and
Commercial Consultants, Inc.

Civ. A. No. 26792.

United States District Court
E. D. Pennsylvania.

Jan. 7, 1960.

Meyer E. Maurer, Wexler, Mulder & Weisman, Philadelphia, Pa., for plaintiff.

Stanton S. Oswald, Bernard M. Borish, Philadelphia, Pa. (Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa. of counsel), for defendants.

EGAN, District Judge.

This is an action by a Trustee in Bankruptcy to recover from the defendants the value of certain property taken by the defendants from the Debtor's possession prior to bankruptcy.

The bankrupt corporation was an appliance dealer, incorporated under the laws of Pennsylvania and having its principal place of business in Philadelphia. It operated two retail stores, one in Philadelphia and the other in the neighboring city of Camden, New Jersey.

The defendants are Pennsylvania corporations, both engaged in the finance business, and the factoring of accounts receivable.

On October 3, 1957, a petition in bankruptcy was filed against the bankrupt in this district and in due course it was adjudicated a bankrupt.

On June 2, 1955, the bankrupt executed an accounts receivable financing contract with the defendant, Fidelity America Financial Corporation (Fidelity) which was amended on September 8,

1955 and December 19, 1956. This contract, as amended, is called the "Fidelity contract."

On December 3, 1956, the bankrupt executed an accounts receivable financing contract with the defendant, Commercial Consultants, Inc. (Commercial). This contract is called the "Commercial contract."

Both defendants filed Financing Statements with the Secretary of the Commonwealth of Pennsylvania at Harrisburg and with the Prothonotary of the Courts of Common Pleas at Philadelphia, pursuant to the applicable provisions of the Pennsylvania Uniform Commercial Code.[1] No filing of any kind was made in New Jersey to cover the business done at the Camden store.

On September 18, 1957, some nine months after the second security agreement was executed and filed and some fifteen days before the bankruptcy petition was filed, the defendants, acting in alleged accordance with the Pennsylvania Commercial Code and their contracts, took possession of the bankrupt's assets in both stores, including furniture, books, records, leases, and cash and removed same from the premises.

The Trustee brought this suit to recover for the estate the value of these assets on the theory that these defendants, within three weeks of the filing of the petition, and well within the proscribed four months period of the Act, received a larger per centum of their indebtedness than other creditors, and that the bankrupt caused or permitted a voidable transfer to take place in favor of the defendants. The defendants defend on the ground that they are secured creditors although, as to the property taken from the Camden store, they concede that, "the enforceability of defendants' agreements as against this property turns initially on questions of fact." (Defendants' Brief, p. 5).

Defendants moved for summary judgment and at the argument on the motion they asked this Court for a partial summary judgment under F.R.Civ.P. Rule 56(d), 28 U.S.C.A., determining that the security agreements are valid and enforceable against the Trustee in Bankruptcy with respect to all property of the bankrupt taken by the defendants anywhere in Pennsylvania.

Since there are mixed questions of fact and law involved, the matter is too complex to permit of such a simple solution. Defendants' motion for summary judgment, in whole or in part, will be denied. Frederick Hart & Co., Inc. v. Recordgraph Corporation, 3 Cir., 1948, 169 F.2d 580.

---

1. Pennsylvania Uniform Commercial Code: § 9–302(1) [12A P.S. § 9–302(1)] [when filing is required to perfect]; § 9–303(1) (a) [12A P.S. § 9–303(1) (a)] [when security interest is perfected]; § 9–401 (1) (a) [12A P.S. § 9–401(1) (a)] [place of filing].