**Ike DOVBERG and Maurice Dovberg, Individually and t/a Paste Company of America, Plaintiffs,**

v.

**DOW CHEMICAL COMPANY et al., Defendants.**

**Civ. A. No. 25351.**

United States District Court
E. D. Pennsylvania.

June 24, 1961.

Tom P. Monteverde, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiffs.

Philip Price and Arthur E. Newbold, III, Philadelphia, Pa., for defendant, Dow Chemical Co.

Herman J. Obert, Cushman & Obert, Philadelphia, Pa., for defendant, Pennsylvania Paste Co.

William L. Matz, Zoob, Cohan & Matz, Philadelphia, Pa., for defendant, Samuel Schultz & Co.

Jerome Lipman, Robinson, Greenberg & Lipman, Philadelphia, Pa., for defendant, Reba Spivak, i/t/a Atlas Wallpaper & Paint Co.

Judah Zelitch, Philadelphia, Pa., for defendant, Samuel Milkis, i/t/a Empire Wallpaper and Paint Co.

This is an action under Sections 1 and 2 of the Sherman Act,[1] and Sections 2, 3 and 4 of the Clayton Act[2] as amended by the Robinson-Patman Act. Plaintiffs, until 1957, were manufacturers of dry and cellulose based wallpaper paste and wall size eliminator. Pennsylvania Paste, a defendant, also manufactures wallpaper paste and related products. Samuel Schultz & Co., Empire Wallpaper & Paint Co., and Atlas Wallpaper & Paint Co. are all retailer defendants who, among other things, retail paste products in Philadelphia. Defendant Dow Chemical manufactures methyl-cellulose and sodium ortho-phenolphenate which it supplied to plaintiffs and which constituted the principal ingredients of plaintiffs' cellulose paste.

Plaintiffs' basic contention is the Pennsylvania Paste Co. conspired with all the other defendants to destroy plaintiffs' business and thereby preserve Pennsylvania Paste Co.'s dominant position in the wet paste manufacturing business in the Philadelphia area and Dow's control of the use of methyl-cellulose and sodium ortho-phenolphenate.

This case has a protracted history of pretrial discovery,[3] and pretrial conferences.[4] All defendants now move for summary judgment pursuant to F.R. 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Defendants contend (1) that taking the pleadings of the plaintiffs, their admissions, depositions,

---

1. 15 U.S.C.A. §§ 1 and 2.

2. 15 U.S.C.A. §§ 13, 14 and 15.

3. Over nine sets of interrogatories and nine depositions have been taken.

4. To date four pretrial conferences have been held before various members of this Court.

interrogatories, and Pre-Trial Statement of Contentions there is no factual basis to support the allegation of a conspiracy between the defendants; (2) that the alleged conspiracy was neither in restraint of trade nor did it affect interstate commerce within the meaning of the Sherman or Clayton Acts; (3) that plaintiffs' cause of action is barred by the applicable four-year statute of limitations.

Plaintiffs argue (1) that defendants cannot, in the face of the paper record and contentions, establish that the alleged conspiracy did not exist; (2) that such a showing is required by the apposite law upon a motion for summary judgment; (3) that plaintiffs have dem-

onstrated an ability to prove the conspiracy, as alleged, affected interstate commerce within the meaning of the anti-trust laws; and (4) that the statute of limitations is not applicable because it was a "continuing" conspiracy, and because it was concealed from the plaintiffs until 1954, within the four year period provided by the statute.

LEAHY, Senior District Judge.

1. Courts, in this circuit, have applied the broad rule of Frederick Hart & Co., Inc. v. Recordgraph Corporation, 3 Cir., 169 F.2d 580, to summary judgment motions.[5] The rule of the Hart

5. *In the Circuit Court of Appeals:*
Johnston v. Jones, 3 Cir., 178 F.2d 481; Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111; F. A. R. Liquidating Corp. v. Brownell, 3 Cir., 209 F.2d 375; Sherwin v. Oil City National Bank, 3 Cir., 229 F.2d 835; Lawlor v. National Screen Service Corporation, 3 Cir., 238 F.2d 59; Day v. Pennsylvania Railroad Co., 3 Cir., 258 F.2d 62.
*In the Eastern District of Pennsylvania:*
Christo v. United States, D.C., 83 F. Supp. 960; Carl Gutmann & Co. v. Rohrer Knitting Mills, D.C., 86 F.Supp. 506; Sanson Hosiery Mills v. Signature Hosiery Co., D.C., 94 F.Supp. 32; Seaboard Surety Co. v. Permacrete Const. Corp., D.C., 105 F.Supp. 349; Moerr Motor Freight v. Eastern R. R. Presidents Conference, D.C., 113 F.Supp. 737; Duffield v. United States, D.C., 136 F.Supp. 944; Bunny Bear v. Dennis Mitchell Industries, D.C., 139 F.Supp. 542; Delaware Floor Products v. Franklin Distributors, D.C., 12 F.R.D. 114; Strauss v. Reading Co., D.C., 14 F.R.D. 457; Levy v. Equitable Life Assurance Society of the United States, D.C., 18 F.R.D. 164; Hurwitz v. Fidelity America Financial Corp., D.C., 179 F.Supp. 550; Aberdeen Hills Second Corporation v. Biafore, D.C., 24 F.R.D. 502.
*In the Middle District of Pennsylvania:*
Love v. United States Rubber Co., D.C., 92 F.Supp. 174; St. Louis Fire & Marine Ins. Co. v. Witney, D.C., 96 F. Supp. 555; Reconstruction Finance Corp. v. Foust Distilling Co., D.C., 103 F. Supp. 167; Fagan v. Pennsylvania Railroad Co., D.C., 173 F.Supp. 465.

*In the Western District of Pennsylvania:*
William A. Meier Glass Co. v. Anchor Hocking Glass Corp., D.C., 95 F.Supp. 264; Pennsylvania Greyhound Lines v. Amalgamated Ass'n of Street Electric Railway & Motor Coach Employees of America, Division 1063, D.C., 105 F. Supp. 537; Compton v. Union Supply Co., D.C., 110 F.Supp. 3; District 65, Distributive, Processing and Office Workers Union of New York & New Jersey v. McKagne, D.C., 115 F.Supp. 227; Ginsburg v. Stern, D.C., 125 F.Supp. 596; Mutual Life Insurance Co. of New York v. Ginsburg, D.C., 125 F.Supp. 920; Hutchison v. New Amsterdam Cas. Co., D.C., 13 F.R.D. 175; Pasternack v. Dalo, D.C., 17 F.R.D. 420; Ropos v. Long Transportation Co., D.C., 147 F.Supp. 698; Fleming v. John Deere Plow Company, D.C., 158 F.Supp. 399; Hardinge Co., Inc. v. Jones & Laughlin Steel Corporation, D.C., 164 F.Supp. 75; Mas v. Owens-Illinois Glass Company, D.C., 167 F.Supp. 657; G. Ricordi & Company v. Slomanson, D.C., 19 F.R.D. 196; Lewis v. Bobish, D.C., 22 F.R.D. 185; Jamison v. Pennsylvania Salt Manufacturing Company, D.C., 22 F.R.D. 238; United States v. Logan Co., D.C., 147 F. Supp. 330.
*In the District of New Jersey:*
Montmarquet v. Johnson & Johnson, D.C., 82 F.Supp. 469; Postel v. Caruso, D.C., 86 F.Supp. 498; United States v. General Instrument Corporation, D.C., 87 F.Supp. 157; Zig Zag Spring Co. v. Comfort Spring Corp., D.C., 89 F.Supp. 410; Chiplets v. June Dairy Products Co., D.C., 89 F.Supp. 814; Rolle Mfg. Co. v. Marco Chemicals, D.C., 92 F.Supp.

opinion severely limits the Court's discretion to grant such a motion.[6] On at least one occasion, it would seem the Court of Appeals deviated from this approach.[7] The extent to which the rule in Hart has been eroded by such deviations cannot be determined. However, I do not think that the Court here is now required to resolve this question, for, as will appear, determination of the issues raised by the motions for summary judgment is controlled by specific authorities.

■ 2. Conspiracy raises a question of fact or, at least, a question of factual inference. As such, it may not be properly disposed of on summary judgment.[8]

218; Transcontinental Gas Pipe Line Corporation v. Borough of Milltown in Middlesex County, D.C., 93 F.Supp. 283; Birkins v. Seaboard Service, D.C., 96 F. Supp. 245; Saddle River Tp. v. Erie R. Co., D.C., 9 F.R.D. 252; Leigh v. Barnhart, D.C., 10 F.R.D. 279; Excello Corporation v. Connor, D.C., 10 F.R.D. 288, 289; United States v. Vigilante, D.C., 10 F.R.D. 343; United States v. Bernauer, D.C., 10 F.R.D. 400; Silvray Lighting v. Versen, D.C., 10 F.R.D. 507; Q-Tips, Inc. v. Johnson & Johnson, D.C., 109 F.Supp. 657; International Plainfield Motor Co. v. Local No. 343, International Union, United Automobile, Aircraft & Agricultural Implement Workers of America, C.I.O., D.C., 123 F.Supp. 683; Glatt v. Sisco, D.C., 136 F.Supp. 936; Temp-Resisto Corp. v. Glatt, D.C., 18 F.R.D. 148; Pollack v. City of Newark, D.C., 147 F.Supp. 35; Dean Oil Company v. American Oil Company, D.C., 147 F.Supp. 414; Farbenfabriken Bayer, A. G. v. Sterling Drug, D.C., 153 F.Supp. 589; Booth v. Security Mutual Life Insurance Company, D.C., 155 F.Supp. 755; United States for Use and on Behalf of B. Katchen Iron Works v. Standard Accident Insurance Co., D.C., 158 F.Supp. 616; Roebling Securities Corporation v. United States, D.C., 176 F.Supp. 844; Reliable Volkswagen Sales & Service Co. v. World-Wide Automobile Corp., D.C., 182 F.Supp. 412; Curto's Inc. v. Krich-New Jersey, Inc., D.C., 193 F.Supp. 235.

*In the District of Delaware:*

Synchem v. American Hyalsol Corp., D.C., 82 F.Supp. 685; Alamo Refining Co. v. Shell Development Co., D.C., 84 F.Supp. 325; Park-In Theatres v. Paramount-Richards Theatres, D.C., 90 F. Supp. 730; Brown v. Insurograph, D.C., 90 F.Supp. 828; Metals Disintegrating Co., Inc. v. Reynolds Metals Co., D.C., 92 F.Supp. 896; Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co., D.C., 99 F.Supp. 503; Dimet Proprietary, Limited v. Industrial Metal Protectives, D.C., 109 F.Supp. 472; Wilmington Trust Co. v. Travelers Ins. Co., D.C., 109 F.Supp. 487; Rohm & Haas Co. v. Permutit Co., D.C., 114 F.Supp. 846;

Van Brode Milling Co. v. Kellogg Co., D.C., 132 F.Supp. 330; Abramson v. Delrose, D.C., 132 F.Supp. 440; Smith v. Onyx Oil & Chemical Co., D.C., 106 F. Supp. 697; Schwob v. International Water Corporation, D.C., 136 F.Supp. 310; Kowalewski v. Pennsylvania Railroad Co., D.C., 141 F.Supp. 565; Klein v. Lionel Corporation, D.C., 18 F.R.D. 184; L. E. Talcott & Sons, Inc. v. Aurora Corp., D.C., 176 F.Supp. 783; A. Smith Bowman and Sons, Inc. v. Schenley Distillers, Inc., D.C., 190 F.Supp. 586.

6. In the Hart case, Judge Kalodner wrote (169 F.2d at page 581):

"* * * on motions to dismiss and for summary judgment, affidavits filed in their support may be considered for the purpose of *ascertaining whether an issue of fact is presented, but they cannot be used as a basis for deciding the fact issue.* An affidavit cannot be treated, for purposes of the motion to dismiss, as proof contradictory to well-pleaded facts in the complaint." (Italics original.)

The Hart case has been subject to critical analysis, viz.: Shotwell v. United States, D.C.E.D.Wash., 163 F.Supp. 907; National Surety Corporation v. John W. Rollins and Associates, D.C.Del., 16 F.R.D. 530; and by commentators: 6 Moore's Federal Practice 56.11 [3] N. 6 (2 ed. 1953); 99 U.Pa.L.R. 212; 69 Harv.L.R. 839, as being too limited a procedural function of FR 56.

7. Proctor v. Sagamore Big Game Club, 3 Cir., 265 F.2d 196.

8. See Curto's, Inc. v. Krich-New Jersey, Inc., D.C.N.J., 193 F.Supp. 235, 238, citing United States v. General Railway Signal Co., D.C.W.D.N.Y., 110 F.Supp. 422, where it is said:

"Conspiracy, ordinarily, is not proved by direct evidence in the manner as is an action on a written contract. The very nature of conspiracy has its base in secrecy toward the party to be duped or the law to be evaded and can only be established by pressing together the fragments of evidence as to conduct, speech and writings of the parties to the con-

Bragen v. Hudson County News Company, 3 Cir., 278 F.2d 615.[9] In Bragen, the Court of Appeals, in reversing the district court's grant of summary judgment in a Sherman Anti-Trust Act Case, through Judge Kalodner, stated: "The impact of particular circumstances upon an inference arising from an admittedly existing factual situation calls for a factual determination which is the function of the trier of facts and not * * * the court in disposing of a motion for summary judgment." At page 618. "Here, in the instance cited, the District Court 'found' from the deposition, that an inference of monopolistic practice existed by reason of the unchallenged 'tie-in-sales' and then proceeded to make the factual finding that the existing inference was 'negatived' by other 'facts'.

"As we earlier stated, 'Documents filed in support of a motion for summary judgment are to be used for determining whether issues of fact exist and not to decide the fact issues themselves.'" At page 618.[10]

■■ In the case at bar, plaintiffs allege[11] and in their depositions set forth, at least, a scintilla of facts which might constitute a violative conspiracy. Defendants, by denials[12] and allegations

---

spiracy. Interstate Circuit v. United States, 306 U.S. 208, 59 S.Ct. 467, 83 L. Ed. 610, * * *.

"If movant should submit its case to this Court upon the affidavits and pleadings now before it * * * gross injustice might be done * * *. Not all of the facts which a formal trial would produce are before the Court and the Court has a slight doubt, at least, as to the facts."

9. Bragen v. Hudson County News Company, D.C.N.J., 168 F.Supp. 231, was an action by a retailer of newspapers, magazines and other publications against an exclusive distributor thereof for damags alleged to have resulted from distributor's violation of Sections 1 and 2 of the Sherman Act by requiring retailer to accept "dirty books" as a condition of a continuing supply of morally wholesome publications. There, after examination of the plaintiff's contentions, supporting affidavits and depositions, Judge Wortendyke granted summary judgment and said in part (at page 234):

"The complaint herein does not contain the familiar allegations in a charged monopoly that there is a conspiracy to fix prices, divide marketing territories, apportion customers, restrict production or otherwise suppress competition. Cf. Apex Hosiery Co. v. Leader, 1940, 310 U.S. 469, 494–498, 60 S.Ct. 982, 84 L. Ed. 1311. The pleadings and proof before me simply show a personal grievance between Bragen and Hudson arising from the refusal of the latter to continue doing business with Bragen. Cf. Shotkin v. General Electric Co., supra [10 Cir, 171 F.2d 236]; Klor's, Inc. v. Broadway-Hales Stores, 9 Cir., 1958, 255 F.2d 214, certiorari granted 358 U.S. 809, 79 S.Ct. 23 [3 L.Ed.2d 54]. * * *

Clearly, Hudson's refusal to sell is not grounded in any attempt to monopolize since it is undisputed that service would be resumed upon the settlement of the claim for money owing. In the absence of any scheme to fix prices or eliminate competition such action is not offensive to the Sherman Act. Interborough News Co. v. Curtis Publishing Co., 2 Cir., 1955, 225 F.2d 289." At page 235.

"Further Bragen is free to sell magazines, periodicals, and newspapers supplied by others than Hudson and indeed does so. See Federal Trade Commission v. Sinclair Refining Co., 1923, 261 U.S. 463, 43 S.Ct. 450, 67 L.Ed. 746. There is nothing to show that Hudson exercises any restraint over the distribution of magazines and publications other than those which it distributes. Journal of Commerce Pub. Co. v. Tribune Co., 7 Cir., 1922, 286 F. 111. Lastly, any inference that this is a monopolistic practice is negatived by the fact that Hudson gives full credit to the retailer for any magazines and paper-backed books it supplied which were unsold by the retailers." At page 235.

10. Under the mandate of the Court of Appeals, Bragen v. Hudson County News Co. has been remanded for trial.

11. Plaintiffs' Complaint and Amended Complaint, Counts 9, 10, 11, 12, 13 and 14.

12. Brief on Behalf of Defendant Pennsylvania Paste Company Sur Motion for Summary Judgment (pp. 9, 10): "For this reason it would serve no effective purpose at this time for defendant Pennsylvania Paste Company to proceed beyond the point of a categorical denial of any participation in any con-

of negativing facts [13] move for summary judgment. In the face of the Court of Appeals' admonition in Bragen, defendants' motions cannot be granted.[13a] Moreover, where, as here, a jury trial has been demanded, it is necessary to be cautious in granting summary judgment and *not* to decide issues which should be left to the province of the jury. Bragen v. Hudson County News Company, 3 Cir., 278 F.2d 615.

3. In support of their motions for summary judgment, defendants further argue plaintiff's cause of action, in whole or in part,[14] is barred by the applicable four-year statute of limitations.[15] Plaintiffs counter that under the case of United States v. Kissel, 218 U.S. 601, 31 S.Ct. 124, 54 L.Ed. 1168, a conspiracy to monopolize continues until the conspiracy succeeds; and that in the instant case the conspiracy continued until plaintiffs were forced out of business in 1957; and that, under Kissel, while the conspiracy still exists, the statute of limitations is tolled. Since plaintiffs brought their action in 1958, they argue it is timely. Further, plaintiffs contend the statutory period does not run until plaintiffs "discover" the conspiracy, which such discovery, according to their allegations, did not occur until 1954, within the statutory limit. For this second proposition, plaintiffs cite Moviecolor Limited v. Eastman Kodak Co., 2 Cir., 288 F.2d 80, which concerns the law of concealment in anti-trust litigation. Concealment is different from a failure to discover.[16] Although plaintiffs assert they failed to discover the conspiracy, I shall, in the light of their reliance on Moviecolor Limited v. Eastman Kodak Co., supra, consider their failure to discover to mean it was due to concealment.

Plaintiffs are correct in their statement of the rule of United States v. Kissel, supra, but they fail to note that the court, in that instance, had reference to a criminal conspiracy under the anti-

---

spiracy with Dow or with any of the retailers."

13. See, e. g. generally Brief of defendant Dow Chemical Company in Support of its Motion for Summary Judgment.

13a. The Bragen case (and the case at bar) is to be distinguished from the recent Court of Appeals case of Taxin v. Food Fair Stores, Inc., 3 Cir., 287 F.2d 448, 451. In that case, summary judgment was granted because of plaintiff's express admission: "However, this allegation must be interpreted and considered in the light of Bernard Taxin's deposition which concedes that the Mandell defendants had nothing to do with alleged fraudulent representation by the Food Fair defendants."

The contested facts of Bragen and the case at bar could not support a similar finding for summary judgment.

14. Defendant Pennsylvania Paste Co. asserts all invasions of plaintiffs' rights occurring before September 28, 1954 are barred. [Brief, p. 15]. Defendant Dow concurs in this statement [Brief, p. 7], and retail defendant Atlas Wallpaper & Paint Co. [Brief, pp. 17–18] likewise concurs, as does Samuel Schultz & Co., which states, as to it, plaintiffs' action is completely barred [Brief, p. 17]. It

would seem another retail defendant Empire Wallpaper & Paint Company adopts the statute of limitations objection [Brief, p. 1]; but its position, however, is not stated with any specificity.

15. 15 U.S.C.A. § 15b states: "Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section and sections 15a and 16 of this title shall be revived by said sections."

16. Concealment requires an act on the part of defendant "in the absence of a fiduciary or other trust or confidential relationship between the parties, an affirmative act on the part of the defendant tending toward concealment is necessary, and that passivity, such as silence on his part, is not sufficient, in order to constitute such concealment as to toll the statute of limitations, at least where the basis of the action was not fraud and the silence a continuation of the original fraud." *What Constitutes Concealment Preventing the Application of the Statute of Limitations:* 173 A.L.R. 576, p. 585.

trust laws. The authorities have held the Kissel rule has no application to a statute of limitations problem in a civil conspiracy.[17] I held, in part, for example, in Henis v. Compania Agricola De Guatemala, D.C.Del., 116 F.Supp. 223, at page 226: "The distinction between the application of a Statute of Limitations in a criminal conspiracy case and such application in a civil case based upon a conspiracy has been clearly pointed out in Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37, at page 49. There it is shown that in a criminal prosecution the Statute of Limitations does not begin to run until the last overt act performed in compliance with the original agreement has been accomplished. A civil case, however, is based upon the damage caused by the commission of the overt act and the applicable statute must run from the time of the commission of that act which is alleged to have caused the damage. * * *"

██ Thus, absent concealment, all activity which occurred before 1954 may be introduced *as evidence of the existing conspiracy, but may not be the basis of a cause of action upon which plaintiffs may recover.* Plaintiffs here allege conspiratorial activity by all defendants up until 1957. Defendants' denial [18] of such activity raises a question of fact which, at least initially, should be put to the jury. However, at the conclusion of plaintiffs' case the court will entertain motions under FR 41b, etc.

The essential elements of concealment of a civil conspiracy under the anti-trust laws, where a motion for summary judgment had been made, were stated by Judge Clary in Philco Corporation v. Radio Corporation of America, D.C.E.D. Pa., 186 F.Supp. 155. There he said (at page 163): "First Philco says '* * * the only persons having knowledge of the facts were the conspirators themselves * * *' (Paragraph 100 of complaint). Stated affirmatively— Philco was without knowledge of the cause of action. Next they say '[Philco] charged R.C.A. with such action [but they] vigorously denied it.' (Paragraph 100 of complaint). Stated another way—R.C.A. committed an affirmative act of concealment of this cause of action. Finally, they allege that 'since the only persons having knowledge of the facts were the conspirators themselves, it was apparent to Philco that further investigation would be fruitless.' (Paragraph 100 of complaint). Restated— no amount of diligence on Philco's part would have uncovered this cause of action. These allegations taken together constitute the essential elements of the defense of concealment. Had the defendants, without more, presented their present motion for summary judgment, their request would necessarily have been denied, since the pleadings alone raise a genuine issue as to a material fact, (whether or not there was concealment of the cause of action by R.C. A. so as to toll the statute of limitations). See Rule 56(c) of the Federal Rules of Civil Procedure, Title 28, USCA."

Judge Clary granted defendants' motion for summary judgment, finding Philco had actual notice of a meeting between the alleged conspirators to formulate the conspiratorial plan, and such notice was given prior to four years before the institution of the case.[19] In the

17. Williamson v. Columbia Gas & Electric Corp., 3 Cir., 186 F.2d 464; Rutkin v. Reinfeld, 2 Cir., 229 F.2d 248; Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 232 F.2d 190; Hoffman v. Halden, 9 Cir., 268 F.2d 280; Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37; Fleischer v. A. A. P., Inc., D.C.S.D. N.Y., 180 F.Supp. 717; Image & Sound Service Corp. v. Altec Service Corp., D.C. Mass., 148 F.Supp. 237. As to statute of limitations beginning to run against civil action or criminal prosecution for conspiracy, see 62 A.L.R.2d 1369, p. 1392.

18. See, e. g., Reply Brief (p. 19) on Behalf of Defendant Atlas Wallpaper & Paint Co., Sur Motion for Summary Judgment.

19. Here actual notice of conspiratorial activity is not present.

case at bar, although plaintiffs' allegations are confused,[20] they would seem to fit within the traditional formula for concealment set out by Judge Clary. The fact that upon certain occasions retailer defendants told plaintiffs that Pennsylvania Paste was attempting to destroy their business [21] does not negate these allegations. Such evidence goes to possible knowledge of one of the defendants, not to any concerted action by all.

For these reasons, I think an issue of fact exists as to whether plaintiffs' suit, in whole or in part, is barred by the statute of limitations. Therefore, on this aspect of the case, summary judgment should be denied.

■ 4. Defendants Pennsylvania Paste and Schultz Company both argue for summary judgment because plaintiffs' supporting papers and the present state of the record establish that the alleged conspiracy did not affect interstate commerce within the meaning of the anti-trust laws. The rule, however, of "effect upon interstate commerce" laid down in Klor's, Inc. v. Broadway-Hale Stores, 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741, and Radiant Burners, Inc. v. Peoples Gas Light & Coke Co. et al., 364 U.S. 656, 81 S.Ct. 365, 5 L. Ed.2d 358, is very broad. The Supreme Court has stated the rule to encompass any situation where the use of economic leverage through group boycott or efforts has been used to limit or close an individual entrepreneur's access to supply or disposition of goods in interstate commerce, or used to foreclose market entry or market operations regardless of the perceptible market effect.[22] Under the strictist reading of this rule, it is apparent from the uncontested facts that, as a matter of law, the alleged conspiracy, if proven, affected interstate commerce. The uncontested facts supporting this view are the materials which plaintiffs bought from Dow for use in their products moved in interstate commerce;[23] Pennsylvania Paste Company's business operations are interstate;[24] and plaintiffs' products were distributed nationally through Arthur S. Hoyt & Co.[25]

Defendants' motions for summary judgment are denied on all counts. The court will entertain a motion setting an appropriate date for trial.

20. Plaintiffs' Brief (p. 58) in Opposition to Defendants' Motions for Summary Judgment: " * * * the period of limitations in an action of this kind does not begin to run until the plaintiff discovers the existence of the conspiracy alleged."

21. Plaintiff Maurice Dovberg affidavit, paragraphs 4 and 5; Plaintiffs' Answer to Pennsylvania Paste Company's Interrogatory No. 10; Dovberg Deposition, pp. 159–164; 168–170; 399–403; Plaintiffs' Answer to Pennsylvania Paste Company's Interrogatory No. 12; William Dovberg Affidavit, paragraph 4.

22. See Note: Proving Injury to Competition in Private Anti-trust Suits Provoked by Concerted Refusals to Deal, 68 Yale L.J. 949.

23. Plaintiffs' Brief (p. 49) in Opposition to Defendants' Motion for Summary Judgment.

24. Id.

25. Id.