WILLIAM DEERING & COMPANY v. BEATTY & COMPANY,
Appellant.

Contracts: EXCLUSIVE AGENCY.  A contract which gives a right to sell
specified goods on commission in a certain county for the entire
season of a given year with a subsequent provision for a revocation
of the agency at any time, does not confer an exclusive right to
sell the goods in such county.

REFORMATION.  A contract will not be reformed to show the alleged
intent of the parties thereto where the contents considered in con-
nection with the other facts disclosed by the evidence are not
sufficient to overcome the conclusive language of the contract
itself.

Appeal: AMENDMENT: *Costs.*  Where an amendment to an abstract
covered 45 pages, setting out questions and answers, and the con-
clusion was reached on the appellant's abstract alone, the appellee,
though successful will be taxed with all but three pages of such
unnecessary abstract.

*Appeal from Jefferson District Court.*—HON. M. A. ROB-
ERTS, Judge.

THURSDAY, DECEMBER 15, 1898.

IN December, 1890, the plaintiff and defendant com-
panies entered into a written contract for the sale by defend-
ant, on commission, of the plaintiff's harvesters, binders, etc.,
for the year 1891, in Jefferson county; and in May, 1891,
the parties made another written contract for the sale to
defendant of binding twine to be delivered on or before June
1, 1891.  In pursuance of these agreements the plaintiff
furnished to defendant machines, twine, and repairs, for
which it claims, as due it, the sum of one thousand seven hun-
dred and eighty-eight dollars and ten cents, and it asks an
accounting and judgment.  The defendant admits the making
of the contracts, but denies the accounting as made by
plaintiff.  The defendant, by way of counterclaim, shows
that after the making of the agreement, in December, 1890,

and in pursuance of it, it entered upon its duty as agent for plaintiff in Jefferson county, purchased and received from plaintiff large amounts of goods and wares, specified in the contract, and proceeded at great expense to advertise the same in the markets of said county, and before its customers therein, and that it worked up a good market and a large demand for said goods by its labor and the expenditure of money, and would have sold large quantities of the goods, and made large profits and gains thereby; that in the midst of the season of 1891 the plaintiff, in violation of the duty it owed defendant, entered the county of Jefferson, and willfully and maliciously cut the prices of its own goods and wares, which were in the hands of the defendant, and offered to and did sell the same to defendants' customers below retail prices,, and thereby prevented defendant from making sales, by which defendant was prevented from making profits and gains in the sum of one thousand dollars, for which amount judgment is asked. By an amendment to the answer, it is averred that the written contract of December, 1890, does not express the intention of the parties, and that in its making the parties intended and understood that the contract should be for the appointment of defendant as the sole and exclusive agent for plaintiff in Jefferson county for the year 1891; and a reformation of the contract is asked, to conform to such intention of the parties. Issue is taken upon the averments as to a counterclaim and for reformation of the contract. The cause proceeded to trial as an equitable one, and the court denied defendant's counterclaim, and any relief by way of reforming the contract, and gave the judgment for plaintiff, from which the defendant appealed.—*Affirmed.*

*Leggett & McKemey* for appellant.

*Rabey & Simmons* for appellee.

GRANGER, J.—I. Appellant presents two questions for consideration: *First,* does the written contract by its terms

grant to defendant the exclusive agency or right to sell plaintiff's machinery in Jefferson county? and, *second,* if it does not, is there evidence on which the contract should be reformed so as to grant such a right? We first consider the legal effect of the contract on its face, and the following are the provisions of it that we think material for the purpose: "Fairfield, Iowa, December 13, 1890.

Memorandum of an agreement between William Deering & Company, a corporation of Chicago, Illinois, and Beatty Company, of Fairfield, county of Jefferson, and state of Iowa: (1) Said William Deering & Company have appointed Beatty & Company agents hereunder, and for receiving, keeping, and selling in their behalf their harvesters, binders, reapers, mowers, twine, extra parts, trucks, bundle carriers, flax carriers, and other attachments, on commission, for the following territory only, Jefferson county, for the entire season of 1891. (2) Said agent agrees to perform all the duties of such agency with prompt business diligence and due care and skill. * * * This agency may at any time be determined by said William Deering & Company without liability for damages, and they may at once take possession of the goods or property unsold, and of everything in the hands of the said agent in any way relating to the business." The contract contains numerous other provisions relating to the method and details of carrying the contract into effect, but we see nothing to aid in the solution of the question before us. The conclusion on this branch of the case is not doubtful. The contract contains no words of an exclusive tenor. It simply gives a right to sell on commission in Jefferson county for the entire season of 1891, with a subsequent provision for a revocation of the agency by the plaintiff at any time. The character of appellant's argument leads us to think there is no serious contention over this proposition. The next question is one of fact, and one of greater doubt.

From our separate readings of the record, there is no difference in conclusion on this branch of the case, and it is

in harmony with that of the district court. Much reliance is placed on former contracts and dealings of the parties, of the same character, to show the intent in making the contract in question, but there is nothing in it, with the other facts disclosed by the evidence, to overcome the conclusive language of the contract itself. Less than the substance of all the evidence would not show on what our conclusion is based, and we cannot and need not set it out.

II. There is a motion to tax to appellee the costs of an amendment to the abstract, and the motion is, in the main, well taken. The amendment consists of forty-five pages, much of which is by question and answer, and unnecessarily so, which is proven by the fact that we reach our conclusion alone in the record as disclosed by appellant's abstract. Of course, we realize that parties cannot know in advance how the record may be regarded, and that in its preparation they must be guided by what reasonably appears to be necessary to a proper presentation of the case; and by that rule we must determine such questions as the one before us. Guided by that rule, we think three pages are all that was necessary by way of an amendment, and the cost of appellee's abstract in excess of that amount will be paid by appellee. The judgment is AFFIRMED.