SIDELLA EXPORT-IMPORT CORPORATION, Respondent, *v.* DAVID F. ROSEN, Appellant.

First Department, April 12, 1948.

*Joseph R. Kelley* of counsel (*Joseph B. Uniacke* and *Davis M. Zimmerman* with him on the brief; *Uniacke & Kelley,* attorneys), for appellant.

*Irving E. Kanner* of counsel (*Richard L. Newman* with him on the brief), for respondent.

*Per Curiam.* Plaintiff made a contract with defendant whereby plaintiff was to be the selling agent of defendant in the marketing of stoves to customers in South and Central America, and elsewhere. Plaintiff brought this action to recover damages for failure of defendant to fill the orders for stoves which plaintiff procured. In his answer defendant pleaded, as a second defense, the illegality of the contract in that the selling or offering to sell stoves within the meaning of the Office of Price Administration Maximum Price Regulation No. 64 (originally § 8 [8 Federal Register 13294, 13296]) was prohibited prior to specific authorization of a ceiling price. At the opening of the trial plaintiff moved to dismiss the second defense. Decision was reserved and, before the case went to the jury, the motion to dismiss was granted, on the ground that there was no evidence that the ceiling price was fixed either before or after the transaction and that, consequently, the prices stipulated in the agreement (the defendant's list prices) could not be found to be in excess of any ceiling price.

Section 8 of M.P.R. No. 64, as amended, covered situations where people who had not been in business were entering into this type of business for the first time and had no previous ceiling prices. The section (as changed and made part of section 1, August 11, 1944 [9 Federal Register 9833]) insofar as pertinent reads as follows:

" Regardless of any contract or other obligation, no person shall sell, offer to sell, or deliver, and, in the course of trade or business, no person shall purchase or accept delivery of, a domestic cooking or heating stove at a price higher than the maximum price fixed by this regulation, or before the manufacturer has properly determined his maximum price under this regulation.

" If, in violation of this provision, a sale, offer to sell, or delivery of a domestic cooking and heating stove is made before its maximum price has been properly established in accordance with this regulation, the maximum price applicable to the sale, offer to sell or delivery, shall be the correct ceiling price for the stove, properly determined in accordance with this regulation."

We hold that under the foregoing sections and related sections (M.P.R. No. 64, amendt. 2, Aug. 9, 1945, § 8a [10 Federal Register 9927]; statement of considerations involved in the issuance of amendt. 2; M.P.R. No. 64, amendt. 7, June 5, 1946, § 13 [11 Federal Register 6180, 6184]) the contract sued on was unenforcible unless and until a ceiling price had been fixed by the Office of Price Administration. The second defense, therefore, should not have been stricken out. Despite this, however, plaintiff may recover under its first cause of action if it establishes that defendant acted in bad faith in that it neglected to take necessary and appropriate steps to have the ceiling price fixed by the Office of Price Administration. Every contract of agency carries with it an implied obligation on the part of the principal to do nothing that would thwart the effectiveness of the agency.

A party cannot insist upon a condition precedent such as the fixing of a legal price when its nonperformance has been caused by himself (*Amies* v. *Wesnofske*, 255 N. Y. 156; *Patterson* v. *Meyerhofer*, 204 N. Y. 96). This court in a similar case (*Matter of Federated Textiles* [*Glamour Girl, Inc.*], 265 App. Div. 252) held that where it was in the power of the defendant to control the size of his inventory (under an Office of Price Administration regulation) it was incumbent on him to do so, and thus make the contract with plaintiff legal, or pay damages for his failure to do so. The same situation is found here. (See 5 Williston on Contracts, §§ 1293A, 1631, and cases there cited.)

The judgment, so far as appealed from, should be reversed and a new trial ordered of the first cause of action, with costs to appellant to abide the event.

PECK, P. J., DORE, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Judgment, so far as appealed from, unanimously reversed and a new trial ordered of the first cause of action, with costs to the appellant to abide the event. Settle order on notice.