Marcel SCHWOB, Plaintiff,

v.

**INTERNATIONAL WATER CORPORATION, a Delaware corporation, Defendant.**

**Civ. A. No. 1554.**

United States District Court
D. Delaware.

Nov. 10, 1955.

George T. Coulson (of Morris, Steel, Nichols & Arsht), Wilmington, Del., and Ludwig Schiffer, New York City, for plaintiff.

Clyde M. England and John Van Brunt, Jr. (of Killoran & Van Brunt), Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an action by the plaintiff, claiming as an agent, for unpaid commissions on a contract negotiated between his principal, the defendant herein, and the City of Tel Aviv, Israel.

 Defendant, after answering the plaintiff's complaint and taking certain discovery process, now moves for summary judgment. The plaintiff, however, claims that several issues are in factual disagreement and insists that a trial is necessary. On motion for summary judgment, issues of fact may not be resolved,[1] and well pleaded allegations of fact in a plaintiff's complaint may not be refuted by opposing affidavits.[2]

There is no dispute, however, as to the following facts. Plaintiff, a French civil engineer, and defendant, a corporation principally engaged in developing water resources throughout the world, entered into an agreement directed toward obtaining contracts between the defendant and the Israeli Government, and possibly nearby Arab nations, for construction of defendant's ground-water wells in those countries. Plaintiff was to act as a representative of the defendant, his efforts being primarily channelled toward Israeli officials and organizations located within the United States, particularly in the United Nations Organization, where he had personal entree. Defendant for some time prior to meeting plaintiff had been attempting to negotiate contracts within Israel to no avail, and negotiations with Tel Aviv, which did culminate in successs, also had originated before the parties met. Though defendant approved and actively cooperated with

---

1. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Toebelman v. Missouri-Kansas Pipe Line, 3 Cir., 130 F.2d 1016.

2. Hart & Co. v. Recordgraph, 3 Cir., 169 F.2d 580.

plaintiff's activities in attempting to initiate contracts, no notification or mention of the active exploration of the opportunities in Tel Aviv was made, this negotiation being carried on by defendant through an affiliated company. Plaintiff claims that he is entitled to commissions on this contract, primarily on the basis that he was the defendant's exclusive agent for negotiating in Israel.

Plaintiff bases his action for compensation on a contract made between the two parties establishing commissions contingent on various factors. The contract was not a formally executed document, the operative provisions being contained in an exchange of letters.[3] Considering only the five letters upon which plaintiff relies, the following seems to be the critical language of the contract, emphasis being added.

> "As to your proposal regarding my compensation in the Israeli venture, I am fully agreeable with the commission rate and modalities, for drilling contracts *sold by me*." (Letter from Marcel Schwob to J. R. Charles 11/23/49).

> "I assume * * * that your protection would apply to *any deal resulting from my efforts*, whether directly or through the Israeli Administration, whether in Israel or in another country." (Letter from Marcel Schwob to J. R. Charles, 1/29/50.)

The plaintiff does not claim to have been involved in negotiating the Tel Aviv contract, nor that the contract was "sold" by him or "result[ed] from [his] efforts." But plaintiff claims that his non-participation in those negotiations does not bar his right to a commission. He claims in several counts that the action of the defendant principal in negotiating the Tel Aviv contract through another agent prevented him from performing his contract, or was a fraudulent action in derogation of his right to negotiate the contract, or was a breach of the fiduciary relation of agency by withholding the fact of the negotiation. Defendant's action was not objectionable under any and all of these contentions, however, unless the plaintiff was the "exclusive agent" of the defendant in Israel.

■ An agent may be entitled to commissions on transactions made by his principal through another agent if he has been granted an "exclusive agency".[4] The principal does not, however, by contracting to pay compensation contingent upon the agent's success in accomplishing a definite result, thereby promise that he will not compete either personally or through another agent.[5]

■ There is no mention of an "exclusive agency" in the contract, regardless of how many letters are considered, nor does plaintiff indicate any language in the letters which, though not in express terms, amounts to a granting of such exclusive rights.[6] Plaintiff makes much of the fact that these letters are the informal, necessarily rudimentary efforts of one not versed in the legal re-

3. It is noted that plaintiff urges that a fact issue requiring the denial of the summary judgment exists as to what specific letters constitute the contract. The plaintiff relies upon five letters as constituting the contract. The defendant sets out three additional letters as having some bearing. Regardless of how many letters are considered the application of the law is the same.

4. 3 C.J.S., Agency, § 179, p. 71; Annotation 12 A.L.R.2d 1360.

5. Wood v. Hutchinson Coal Co., 4 Cir., 176 F.2d 682, 12 A.L.R.2d 1352; Rstmt. Agency § 449; 126 A.L.R. 1233. With reference to real estate brokers, the intention to grant exclusive rights must be expressed in the contract unequivocally or by clear and necessary implication. 12 C.J.S., Brokers, § 94, p. 219.

6. There is an intimation that plaintiff is of the opinion that a trier of fact should, or would be able to, construe "any deal resulting from my efforts, whether directly or through the Israeli administration * * *" as a grant of an exclusive agency. Such construction would necessarily require the deletion of the phrase "from my efforts", from the sentence, a procedure manifestly improper as a matter of law.

finements of contract law. Even so, from any view of the relation of the parties, the complete lack of comment on exclusive privilege seems inconsistent with the practical value and importance of such provision. Careful examination of all the correspondence between the parties discloses no language from which it could be inferred that the "protection" to be afforded the plaintiff included any arrangement for exclusive rights. Perhaps the plaintiff thought defendant would negotiate exclusively through him, but unless there was a promise to negotiate only through plaintiff or fraudulent action which would induce him to so believe, of which there is no suggestion, plaintiff cannot claim that his own interpretation of the contract was the agreement of the parties.[7]

Plaintiff has not, before the Court or in his brief, urged that any construction of the language of the contract indicates that an exclusive agency was therein granted. He urges, however, circumstances dehors the contract as the basis on which the Court should "imply" an exclusive agency. It is true that a consideration of the contract terms, along with circumstances extrinsic to the contract, may indicate that exclusiveness is not only consistent with, but an integral though unexpressed, feature of the complete understanding of the parties, especially where, as here, the contract is expressed with such extreme paucity of words.

The general doctrine that a principal may negotiate in his own behalf or through other agents, unless agreed otherwise, being well recognized,[8] an exclusive contract will not be implied if the words of the contract do not naturally import that meaning,[9] or if the terms of the agency do not necessarily imply such a construction.[10] There are cases [11] in which exclusive agency has been implied. These cases gave major consideration to the language of the contract and the practical significance of the obligation assumed by the parties, and while considering the origin of compensation as arising from the payment by commissions and the limitation of the area of representation, yet ultimately relied upon some additional factor as showing the exclusive nature of the contract. While the present plaintiff, if entitled to any compensation, was to be paid on a commission basis, and while he was, in a sense, restricted to an area of operation, viz., the Republic of Israel and the surrounding Arab countries, and could not represent competitors, yet none of these facts show an exclusive agency or are inconsistent with a non-exclusive agency.

Plaintiff has not urged, to any great extent, that the facts of the case indicate that an exclusive agency was granted. He advances rather a legal argument based on cases where promises are implied in contracts which are either non-operative or completely one-sided if construed without the implied promise.[12] He insists that to construe his agency relation as anything other than exclusive,

7. Cf. Dahath Electric Co. v. Suburban Electric Development Co., 332 Pa. 129, 2 A.2d 765.

8. 3 C.J.S., Agency, § 174, p. 63; Rstmt. Agency § 449.

9. Indiana Road Mach. Co. v. Lebanon Carriage & Implement Co., 78 S.W. 861, 25 Ky.Law Rep. 1763. San Antonio Machine & Supply Co. v. Allen, Tex.Com. App., 284 S.W. 542.

10. Deering & Co. v. Beatty, 107 Iowa 701, 77 N.W. 325; Dahath Electric Co. v. Suburban Electric Development Co., 332 Pa. 129, 2 A.2d 765.

11. Strout Western Realty Agency v. Gregoire, 101 Cal.App.2d 512, 225 P.2d 585; Sutton v. Baker, 91 Minn. 12, 97 N.W. 420; Macke v. Globe Indemnity Co., 219 Ky. 629, 294 S.W. 173; White Co. v. W. P. Farley & Co., 219 Ky. 66, 292 S.W. 472, 52 A.L.R. 541.

12. Wood v. Lucy, Lady Duff-Gordon, 222 N.Y. 88, 118 N.E. 214; Wigand v. Bachmann-Bechtel Brewing Co., 222 N.Y. 272, 118 N.E. 618; Sidella Export-Import Corporation v. Rosen, 273 App.Div. 490, 78 N.Y.S.2d 155.

puts him completely at the mercy of the defendant. He cites no fact that would indicate that this is so—no single reason why negotiation by the defendant of the Tel Aviv contract makes it impossible for him to earn his compensation. Much of Israel's area was in need of this type of water supply, as were the surrounding Arab nations. Clearly, plaintiff's protection from defendant's appropriating his contacts was secured by the contract. There is no hint by plaintiff of any reason why defendant's negotiations made it improbable or even more difficult to negotiate or contact new opportunities other than the obvious fact that there was one less opportunity. Lacking such facts, the doctrine of these cases is clearly inapplicable.

■ Finally, plaintiff seems to insist that even if there was no more than a mere agency granted, the principal, standing in a fiduciary relation to the agent, was required to notify him of the active negotiations. Plaintiff relies heavily on Twohig v. Lawrence Warehouse Co., D.C., 118 F.Supp. 322.

There the Court started with the assumption that the principal-agent relationship is a fiduciary relation, and reasoned that the principal's action in withholding information to the agent's detriment was a breach of that duty. The facts of the case, however, show that the information the principal withheld had to do with a fraudulent breach of the principal's relation with the agent.

In the instant case, the principal was not acting in derogation of his agent's rights. The legal significance of the contract was that the principal (defendant) was privileged to engage an agent other than the plaintiff. If this is a correct application of the law, then there can be no duty to inform the agent that it is taking place.

■ The plaintiff also seeks to recover under a "quantum meruit" the value of his services performed pursuant to the contract. It has been herein found that the contract between the parties provided for stipulated commissions for drilling contracts "sold by me (plaintiff)" or "any deal resulting from my (plaintiff's) efforts". It has been determined that the plaintiff could not recover under the express contract because of lack of performance on his part. It is only where performance of the contract has been mutually abandoned, has been prevented by the defendant, or where the plaintiff has fully performed the contract on his part and nothing remains but the payment of consideration that recovery may be had by indebitatus assumpsit rather than on the special contract.[13] There being no effective allegation of hindrance or prevention in this case by the defendant, and performance of the contract not having been had by the plaintiff, no recovery can be had upon indebitatus assumpsit. The existence of a valid express contract for services precludes implication of a contract covering the same subject matter. The rights of the parties are controlled by the contract and under such circumstances recovery may not be had upon the theory of quantum meruit.[14]

■ Plaintiff's sole basis for the recovery in this case in the nature of a quasi contract seems to be that the defendant has been benefited by the plaintiff's activities. These activities, however, are the activities which were the subject of the contract. This situation is expressly considered in the Restatement of the Law of Agency, Sec. 445(a) where it is said that where the principal:

"* * * specifies the accomplishment by the agent of a particular result as a condition precedent to payment of an agreed compensation,

13. Hawkins v. United States, 96 U.S. 689, 698, 24 L.Ed. 607.

14. 17 C.J.S., Contracts, § 6, p. 325; 71 C.J. Work & Labor § 42, p. 81; Hawkins v. United States, 96 U.S. 689, 24 L.Ed. 607; Rabe v. Rudolph Wurlitzer Co., D.C., 43 F.Supp. 416; Shanks v. Wilson, D.C., 86 F.Supp. 789; Altman v. Curtiss-Wright Corp., 2 Cir., 124 F.2d 177; Federal Royalty Co. v. Knox, 5 Cir., 114 F.2d 78.

the agent is not entitled to such agreed compensation as such unless he accomplishes the indicated result; nor may he recover the value of his services in attempting to accomplish it, * * *".

Motion of the defendant for summary judgment must be granted and an appropriate order may be submitted.