Nicholas M. Pette, J.
Motion by all of the defendants but one for an order (1) striking paragraph Thirtieth and the second and third causes of action as sham and (2) dismissing each of the three causes of action alleged in the complaint for insufficiency. The moving defendants will hereinafter be referred to as the “ defendants ”.
In the first cause of action, which is attacked solely for insufficiency, plaintiffs allege that they are licensed real estate brokers, that the individual defendants own all or most of the capital stock of the two corporate defendants, that in March, 1954 one of the defendants, on behalf of himself and the other defendants, employed plaintiffs to procure Reeves Instrument Corporation (hereinafter called “Reeves”) as a lessee of certain property owned by the defendants, that plaintiffs were successful in their efforts and that Reeves was ready, willing and able to lease the premises for a period of 23 years at an annual rental of $380,900, and that defendants consented and agreed to rent the premises to Reeves for said term at such rental, that prior to December 6, 1954 plaintiffs’ services were performed at the request of the defendants who knew that plaintiffs expected to be paid therefor and that defendants accepted the benefits of plaintiffs’ services, that thereafter on December 31,1954 the State of New York, through a condemna *607 tion proceeding, acquired title to the property, that plaintiffs’ services in procuring the 23-year-lease at a rental per year of $380,900 greatly enhanced the value of the property and defendants are seeking increased compensation in the condemnation proceeding because of the substantial benefits they would have derived from the lease, that the reasonable value of plaintiffs’ services is $160,445.12, no part of which has been paid, although duly demanded.
As a matter of pleading, the first cause of action sufficiently states a cause of action in quantum meruit.
Defendants argue, however, that plaintiffs cannot sue upon an implied contract when there was an express one in existence. This argument is beside the mark in that nowhere in the first cause of action is there any allegation of the existence of an express agreement, and on a motion to dismiss for insufficiency, the court is confined to the matter alleged and must assume it to be true. Under the circumstances, the motion to dismiss the first cause of action as insufficient is denied.
In the second cause of action, which is challenged as sham, as well as for insufficiency, plaintiffs reallege most of the first cause of action and further allege that as a result of plaintiffs’ efforts, defendant, Rebrug Corp., executed a lease to Reeves for 23 years at $380,900 per year, but that before executing it on December 6, 1954, defendants insisted upon a separate brokerage agreement with the plaintiffs whereby plaintiffs agreed to accept $75,000 as their commissions, that as a result, plaintiffs are entitled to the agreed commissions of $75,000, no part of which has been paid, although duly demanded.
The brokerage agreement upon which plaintiffs sue in the second cause of action provides that théir “ commission shall only be deemed due, payable and earned as, if and when the tenant enters into possession under the said lease and pays the rental reserved therein.” It is not disputed that the property was taken by the State of New York on December 31, 1954 and that the tenant never entered into possession.
Plaintiffs feel, however, that since defendants are claiming damages in condemnation not only for the value of the land as enhanced by the rezoning obtained on the basis of having Reeves as a tenant, but also for the loss of profits which they would have received under the lease, that the defendants have received or will receive the benefits of the lease which plaintiffs obtained for them and should, therefore, pay the agreed commission. There is no merit to this claim. Defendants are not obligated to pay commissions to the plaintiffs merely because they have obtained an incidental benefit as a by-product of *608 plaintiffs’ services so long as they did not default on the lease or cause its termination by their own affirmative act. (Amies v. Wesnofske, 255 N. Y. 156.) The motion to strike the second cause of action as sham is granted. It is unnecessary, therefore, to pass upon its sufficiency.
As a third cause of action, plaintiffs allege that after December 31, 1954 defendants employed the plaintiffs to procure a lease of another parcel of land owned by one of the defendants, that on February 25, 1955 plaintiffs executed another brokerage agreement, that on March 3, 1955, as a result of plaintiffs’ services, defendants, through the defendant, Plainsun Corp., entered into a lease with Reeves for 23 years at an annual rental of $392,400, that on March 8, 1955 defendants applied for a change of zoning’ from Residential B to Industrial H on the basis of having Reeves as a tenant, that thereafter defendants failed and refused to pursue diligently the said application for a change of zoning so that it could be procured within the time limit set forth in the lease with Reeves, that on April 15, 1955 defendants notified Reeves of their election to cancel the lease without the consent of the plaintiffs and without fault on the part of the plaintiffs or of Reeves, that as a result plaintiffs are entitled to the agreed commissions of $75,000, no part of which has been paid, although duly demanded.
The brokerage agreement, which is the basis of the third cause of action, likewise provided that commission would be deemed earned and payable only when the tenant entered into possession and paid the rent reserved. This second lease adverted to the necessity of having the property rezoned to Industrial H use and the lessor agreed to apply for such zoning. The lease then provided that if the property were not so rezoned by April 15,1955 ‘ ‘ either party may give notice of cancellation of this Lease to the other party ”. The lease was executed on March 3, 1955 and the application for rezoning was made on March 8, 1955. The Town Board did not render a decision by April 15 although the application was eventually granted on November 29, 1955. Promptly on April 15, 1955 the lessor elected to cancel the lease and on that day sent notice of such election to Reeves and its attorneys. Reeves never entered into possession of the premises and never paid the rent reserved.
Defendants claim that since the lease itself gave them the right to cancel if the rezoning had not occurred on April 15, 1955, they had the right to avail themselves of that clause without incurring any liability to the plaintiffs. In support of this proposition, they cite and quote from Amies v. Wesnofske (supra) to the effect that they were under no obligation to bring *609 about the performance of the condition, that the condition precedent is waived only where the vendor is active to prevent or hinder its performance.
Plaintiffs, likewise relying on Amies v. Wesnofske (supra) claim that defendants failed to expedite the application for rezoning, that the rezoning of the first parcel was applied for on October 11, 1954 and granted on October 26, 1954, whereas the rezoning of the second parcel was applied for on March 8, 1955 and “not formally granted” until November 29, 1955, that defendants could have obtained the rezoning prior to April 15, 1955 merely for the asking.
Up to this point, plaintiffs’ allegations might be said to come within the rule that defendants merely remained “ passive and neutral ” which would fulfill their duty to the broker. (Amies v. Wesnofske, supra, p. 163.)
Plaintiffs claim further, however, that the defendants’ cancellation of the lease on April 15, 1955 was an affirmative act which prevented and hindered the performance of the condition precedent, that on April 15, 1955 and for several months thereafter, Beeves was ready, willing and able to perform the lease agreement, that after defendants cancelled the lease, they did not withdraw their application for rezoning although it was predicated on a representation to the Town Board that the premises were to be occupied by Beeves, that defendants accepted the benefits of the rezoning, all of which, plaintiffs claim, constituted a waiver of the condition precedent.
When a contract cannot be carried out as intended by the parties without one party or the other performing some act not expressly promised by him, a promise to do that act must be implied. (5 Williston on Contracts [rev. ed.], § 1293, p. 3683; Wilson & English Constr. Co. v. New York Central R. R. Co., 240 App. Div. 479; Murray v. City of New York, 165 Misc. 125, affd. 252 App. Div. 853; Alida Oil Burner Sales Corp. v. Berggren & Anderson Mach. Co., 251 App. Div. 745; Shore Bridge Corp. v. State of New York, 186 Misc. 1005, affd. 271 App. Div. 811.) Not only are promises for positive performance implied, but the negative duty of a promisor not to prevent performance of any condition qualifying his promise is likewise implied. (5 Williston on Contracts, § 1293A, p. 3686.) Hindrance is as effective as prevention in excusing performance of a condition. (Williston, § 1293A, p. 3687.)
There is an exception to this principle where the hindrance is due to some action which the terms of the contract permitted the promisor to take. (Williston, § 1293A, p. 3688.) Thus, as against Beeves, defendants were free to cancel the lease on *610 April 15, 1955 since that right was reserved to them by the contract and they would not thereby incur any liability to Beeves on the implied promise not to prevent or hinder performance, but as against the plaintiffs, defendants cannot claim that their exercise of the right of cancellation did not constitute an affirmative act of prevention or, at least, of hindrance. One ‘ ‘ may not take advantage of a condition precedent, the performance of which he himself has rendered impossible.” (Stern v. Gepo Realty Corp., 289 N. Y. 274, 277.) “ Every contract of agency carries with it an implied obligation on the part of the principal to do nothing that would thwart the effectiveness of the agency.” (Sidella Export-Import Corp. v. Rosen, 273 App. Div. 490, 492.)
The third cause of action cannot be said to be either sham or insufficient and the motions directed to it are denied. Likewise denied is the motion to strike paragraph Thirtieth of the complaint.
In view of the allegation that the two corporate defendants were controlled solely by the individual defendants for their own benefit and the additional allegation that the corporate defendants conveyed the property to some of the individual defendants without consideration, it cannot be said that the complaint is insufficient as to the individual defendants.
Defendants’ motions are granted only to the extent of dismissing the second cause of action as sham and in all other respects are denied.
Submit order.