BARTSAS REALTY, INC., A NEVADA CORPORATION, APPELLANT, *v.* FRANK NASH AND MANUEL NASH, RESPONDENTS.

No. 4877

June 3, 1965                              402 P.2d 650

*Paul L. Larsen,* of Las Vegas, for Appellant.

*George E. Franklin, Jr.,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

The appeal is from an order dismissing the plaintiff's second amended complaint for failure to state a claim upon which relief may be granted. Though imperfectly drawn, we think that enough is alleged to defeat a Rule 12 (b) (5) motion and, therefore, reverse.

The second amended complaint sets forth three separate counts. Each rests upon an underlying oral agreement between the plaintiff, a licensed real estate broker, and the defendants. It is averred that the plaintiff agreed to reduce, by $5,000, its earned commission due from defendants for consummating the sale of the Glen Vegas Motel, in return for the defendants' promise that the plaintiff would represent them in negotiating their purchase of adjacent property. Pursuant to such oral agreement, the owner of the adjacent property was contacted by plaintiff, advised of the defendants' desire to buy, and asked to submit terms. A sale was thereafter made by such owner dealing directly with the defendants. As the defendants did not honor their promise, the plaintiff seeks to recover either the $5,000 which it had earned on the prior sale and was induced to relinquish, or a broker's commission on the second sale.

The three theories for relief are "tortious interference" by the defendants with the oral agreement of the plaintiff and defendants, breach of the oral agreement, and fraud. Of course the first theory, that of tortious interference with the oral agreement is wholly unsound, for the defendants' breach of their own contract with the plaintiff is not a tort. Prosser, Torts, 2d Ed., Ch. 23, § 106, p. 728; Allison v. American Airlines, 112 F.Supp. 37 (Okla.); Canister Co. v. National Can Corp., 96 F.Supp. 273 (Del.). Accordingly, that theory for relief was properly dismissed. Nor does the count based on an alleged breach of the oral agreement, without more, state a claim (the so-called breach being the direct dealing between the defendants, and the owner of the adjacent land after they had been put in touch with each other by the plaintiff), because in the absence of an exclusive agency a principal may negotiate in his own behalf or through other agents. Restatement, Agency, 2d Ed., § 449; Schwob v. International Water Corp., 136 F.Supp. 310 (Del.).

The third claim for relief, however, is another matter, for it involves the element of bad faith and seems to

us to fall within the intendment of the rule announced in the Restatement, Agency, 2d Ed., § 454: "An agent to whom the principal has made a revocable offer of compensation if he accomplishes a specified result is entitled to the promised amount if the principal, in order to avoid payment of it, revokes the offer and thereafter the result is accomplished as the result of the agent's prior efforts." Comment (a) to the quoted rule reads: "If the agent has given his principal cause for terminating the contract of employment, the principal does not commit a breach of contract although he terminates it with a bad motive, or even though he gives an invalid excuse or misstates his reason. See § 409. It is different, however, where the agency is at the will of the principal, where there is no breach of contract on the part of the agent and no affirmative reason for the termination of the offer. If the principal is to pay compensation in proportion to the work done, there is no need for invoking the rule stated in this Section. If, however, the agreement is such that the principal can deprive the agent of all compensation by properly terminating the employment and if the agent is on the verge of success and, but for the aleatory element in the transaction, he would be entitled to practically full compensation for his services, the rule stated in this Section is necessary in order to prevent sharp dealing. Under such circumstances, if the principal revokes his offer to the agent, intending thereby to take the benefits of the agent's services without paying for them, he acts in bad faith; and if he thus acts, specific reparation is afforded the agent by disregarding the revocation and determining his right to the promised compensation as though no revocation had been made."

Here, if the averments of the complaint are true (and we must assume so in the posture of this case), the agent (plaintiff) had been induced to reduce by $5,000 a commission which had already been earned on a prior sale, upon the principals' (defendants') representation that the agent could represent them in negotiating the purchase of adjacent property. In these circumstances

the principal may not revoke his offer to the agent, take the benefit of the agent's preliminary services, and make his own deal with the adjoining property owner, for such conduct bears the badge of bad faith. When this happens, the agent may recover the promised compensation as though no revocation had occurred. Accordingly, we hold that the count based on fraud states a claim for relief; and remand for further proceedings on that count alone.

BADT, J., and ZENOFF, D. J., concur.