J-A27018-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

GREGORY A. NIVERTH AND MARY : IN THE SUPERIOR COURT OF
LOU NIVERTH, HUSBAND AND WIFE : PENNSYLVANIA
:
            Appellants :
:
:
        v. :
:
:
EQUITRANS L.P. :
:
            Appellee : No. 400 WDA 2017


Appeal from the Judgment Entered March 8, 2017
In the Court of Common Pleas of Greene County
Civil Division at No(s):  AD 848, 2013


BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    FILED DECEMBER 08, 2017

Appellants, Gregory A. Niverth and Mary Lou Niverth, husband and

wife ("the Niverths"), appeal from the judgment entered on March 8, 2017,

following the October 24, 2016 order granting Appellee's, Equitrans, L.P.

("Equitrans"), motion for nonsuit.  After careful review, we affirm.

The trial court set forth the relevant facts and procedural history of

this matter as follows:

> This matter involves an oil and gas lease entered into in
> 1969 between Ellen C. Hoge, Mary R. Hoge, and Elizabeth S.
> Hoge with Equitable Gas Company (hereinafter "Hoge Lease").
> [The Niverths] purchased the property in 1981 and became
> successors-in-interest to the Hoge Lease. The validity of the
> Hoge Lease was not in dispute by either party in this litigation.

On September 20, 2010, [the Niverths] executed a Memorandum of Oil and Gas Lease, as well as an Amendment and Ratification [("the Amendment")], with Equitrans .... These documents were recorded in the Office of the Recorder of Deeds of Greene County, Pennsylvania. The purpose of this transaction, as evidenced by the language in both documents, was to: 1) ratify and agree that the Hoge Lease was still valid; 2) make certain amendments and modifications to the Hoge Lease; 3) agree that the Lessee is not in violation of any terms or provisions of the Lease, including any royalty or rental payment terms thereof; and 4) ratify and affirm all the terms and provisions of the Hoge Lease to the extent that the terms were not changed, altered, or amended. [The Niverths] also executed an Order of Payment for the Amendment on September 20, 2010.

The Hoge Lease provides for the royalty to be computed at $1/8^{th}$ of the wholesale market value. The Memorandum and Ratification agreement signed by [the Niverths] on September 20, 2010, did not address the computation of royalty as a separate category.

On March 28, 2014, [the Niverths] filed an Amended Complaint. The Amended Complaint had four Counts---Count I, Breach of Contract, Count II, Breach of Contractual Duty of Good Faith, Count III, Fraud and Count IV, Declaratory Relief. On June 6, 2014, the Court entered an order [sustaining Equitrans' preliminary objections and] dismissing Counts II, Breach of Contractual Duty of Good Faith, and III, Fraud, of the Amended Complaint.

On October 24, 2016, a trial by jury was held in this matter. After [the Niverths] rested their case-in-chief, this Court granted [Equitrans'] Motion for compulsory nonsuit.

Trial Court Opinion, 5/11/17, at 3-4.

The Niverths filed a timely post-trial motion for removal of nonsuit. However, the trial court did not rule on the motion within the required 120 days, and on March 8, 2017, the Niverths filed a praecipe for entry of judgment pursuant to Pa.R.C.P. No. 227.4(1)(b). Judgment was entered,

and this timely appeal followed. Both the trial court and the Niverths complied with Pa.R.A.P. 1925.

On appeal, the Niverths raise the following issues for this Court's consideration:

1. Did the trial court err by granting [Equitrans'] preliminary objections on the Niverths' fraud claim?

2. Did the trial court err as a matter of law in interpreting the written Amendment between the parties and failing to enter summary judgment in favor of the Niverths?

3. Did the trial court deny the Niverths a fair trial by misinterpreting the written Amendment between the parties, excluding proper evidence offered by the Niverths at trial, failing to rule before trial whether [Equitrans'] expert would be prevented from testifying, and by failing to issue an unambiguous order concerning the court's construction of the Amendment prior to trial?

4. Did the trial court err by entering a non-suit at the conclusion of the Niverths' case?

The Niverths' Brief at 4.[1]

In their first issue, the Niverths allege that because the averments contained in the fraud count in their amended complaint were to be accepted as true by the trial court, the trial court erred in sustaining the preliminary objections. The Niverths' Brief at 39. Specifically, the Niverths argue as follows:

the evidence adduced through discovery shows that there is at least a triable question of fact concerning whether [Equitrans]

_____

[1] For ease of disposition, we have renumbered the Niverths' issues.

fraudulently induced entry into the Amendment and/or caused the Niverths to execute the Amendment based upon the Niverths' perceived significance of the removal of the post-production cost authorization language from the Amendment.

*Id.* Our standard of review for an order sustaining preliminary objections is as follows:

> In reviewing a trial court's grant of preliminary objections, the standard of review is de novo and the scope of review is plenary. The salient facts are derived solely from the complaint and pursuant to that standard of review, the court accepts all well-pleaded material facts in the complaint, and all inferences reasonably deduced therefrom must be accepted as true.

*Martin v. Rite Aid of Pennsylvania, Inc.*, 80 A.3d 813, 814 (Pa. Super. 2013) (citation omitted).

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Hill v. Slippery Rock Univ.*, 138 A.3d 673, 677 (Pa. Super. 2016) (citation omitted).

In their amended complaint, the Niverths alleged that Equitrans made representations during the negotiations of the Amendment regarding post-production costs but failed to adhere to those representations. Amended Complaint, 3/28/14, at ¶¶ 41-48. Equitrans filed preliminary objections to

the amended complaint and a Memorandum in support of the preliminary objections. In the memorandum, Equitrans averred that the Niverths' fraud claim was not sufficiently specific and was merely a restatement of their breach-of-contract claim, which runs afoul of the gist of the action doctrine. Memorandum in Support of Equitrans Preliminary Objections, 4/15/14, at ¶¶ 4-5. Moreover, Equitrans pointed out that the Niverths' amended complaint contained unsubstantiated claims of negotiations and discussions regarding royalty payments and promises made by Equitrans not to deduct post-production costs. Id. at 5. However, Equitrans emphasized that the Hoge Lease and the Amendment constituted the entire agreement between the parties. Id. at 8.

Pursuant to our standard of review, we must examine the averments in the Niverths' amended complaint together with the documents and exhibits attached thereto. Hill, 138 A.3d at 677. The relevant attachments to the Niverths' amended complaint, the Amendment (Exhibit A), and the Hoge Lease (Exhibit B), reveal that the Amendment unambiguously referenced and ratified the Hoge Lease and delineated the duties of each party. The Amendment at 1. In order for the Niverths' fraud claim to survive as pleaded, it requires a review of alleged representations made during negotiations, which would constitute parol evidence. Pennsylvania law defines the parol evidence rule as:

> Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares

the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract … and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.

DeArmitt v. New York Life Ins. Co., 73 A.3d 578, 589 (Pa. Super. 2013) (citations omitted).

The Niverths make no assertion of error in the execution of the Amendment itself;[2] rather, their complaint relates only to the inducement to enter into the Amendment.  It is well settled that:

while parol evidence may be introduced based on a party's claim that there was a fraud in the execution of the contract, i.e., that a term was fraudulently omitted from the contract, parol evidence may not be admitted based on a claim that there was fraud in the inducement of the contract, i.e., that an opposing party made false representations that induced the complaining party to agree to the contract.

PNC Bank, Nat. Ass'n v. Bluestream Technology, Inc., 14 A.3d 831, 839 n.5 (Pa. Super. 2010) (citation omitted).  Without parol evidence, the

_____

[2] Additionally, we agree with the trial court's conclusion that the Amendment and the Hoge Lease are not ambiguous.  Trial Court Opinion, 5/11/17, at 7. Those documents, read together, clearly set forth the parameters of the lease.  It is well settled that parol evidence is not permitted to create ambiguity when no ambiguity exists in the writing.  Dahath Elec. Co. v. Suburban Elec. Development Co., 2 A.2d 765, 768 (Pa. 1938).

trial court was left with only the Niverths' bald assertions, which were belied by the documents attached to the pleading.[3]

After review, we conclude that there was no error of law or abuse of discretion in the trial court sustaining Equitrans' preliminary objections to the Niverths' fraud claim. Accordingly, no relief is due.

Next, the Niverths assert that the trial court erred in interpreting the Amendment and in failing to enter summary judgment in favor of the Niverths. We disagree.

We review a trial court's resolution of a motion for summary judgment under the following scope and standard of review:

> [O]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

_____

[3] In addition to arguing for the admission of and reliance upon parol evidence in their brief, the Niverths also attempted to present parol evidence innumerable times at trial, and at each juncture the trial court sustained Equitrans' objection. See, e.g., N.T., 10/24/16, at 40, 41, 49, 50, and 51.

> Hovis v. Sunoco, Inc., 64 A.3d 1078, 1081 (Pa. Super. 2013) (quoting Cassel–Hess v. Hoffer, 44 A.3d 80, 84–85 (Pa. Super. 2012)). Moreover, "where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers to survive summary judgment." Krauss v. Trane U.S. Inc., 104 A.3d 556, 563 (Pa. Super. 2014) (citation omitted). "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." Id.

Bayview Loan Servicing LLC v. Wicker, 163 A.3d 1039, 1043-1044 (Pa. Super. 2017).

In their motion for summary judgment, the Niverths argued that the Amendment did not contain specific language regarding the royalties the Niverths would receive from Equitrans. The Niverths' Motion for Summary Judgment, 12/7/15, at 14-15. However, as we have already discussed, the trial court was reviewing not only the Amendment; it was required to review the Amendment in conjunction with the Hoge Lease.

> It is a general rule of law in the Commonwealth that where a contract refers to and incorporates the provisions of another, both shall be construed together. It is well-settled that clauses in a contract should not be read as independent agreements thrown together without consideration of their combined effects. Terms in one section of the contract, therefore, should never be interpreted in a manner which nullifies other terms in the same agreement. Furthermore, the specific controls the general when interpreting a contract.

Southwestern Energy Production Co. v. Forest Resources, LLC, 83 A.3d 177, 187 (Pa. Super. 2013) (quoting Trombetta v. Raymond James Financial Services, Inc., 907 A.2d 550, 560 (Pa. Super. 2006)). The

- 8 -

Niverths' argument in their brief attempts to interject parol evidence into the review. The Niverths' Brief at 38. Similarly, the Niverths' motion for summary judgment, much like their argument concerning preliminary objections, asked the trial court to accept claims of alleged representations made during negotiations. The Niverths' Motion for Summary Judgment, 12/7/15, at 14-15. As noted earlier, parol evidence was not permitted,[4] and the trial court noted the prohibition of parol evidence in its order denying the Niverths' motion. Order, 3/30/16, at 2. The Niverths did not produce actual evidence outside their pleadings that entitled them to relief because the Amendment and the Hoge Lease spoke for themselves, and parol evidence was not admitted. Pursuant to our well-settled standard of review, we discern no abuse of discretion or error of law.

To the extent that the Niverths argue that the Amendment violated the Guaranteed Minimum Royalty Act ("GMRA"), 58 P.S. § 33.3,[5] Equitrans argues that the issue is waived because the Niverths failed to raise it in their

_____

[4] PNC Bank, Nat. Ass'n., 14 A.3d at 839 n.5.

[5] The GMRA provides as follows:

> A lease or other such agreement conveying the right to remove or recover oil, natural gas or gas of any other designation from the lessor to the lessee shall not be valid if the lease does not guarantee the lessor at least one-eighth royalty of all oil, natural gas or gas of other designations removed or recovered from the subject real property.

58 P.S. § 33.3.

amended complaint. Equitrans' Brief at 32. However, we are satisfied that the Niverths' reference to the "statutory-minimum one-eighth royalty," Amended Complaint, 3/28/14, at ¶ 10, adequately references the GMRA. Nevertheless, we discern no error or abuse of discretion in the trial court's denial of summary judgment on this basis as the Amendment and the Hoge Lease, read together, provide for a 1/8th royalty to be paid to the Niverths. The Amendment, at 1; The Hoge Lease, at 1-2. Accordingly, the denial of summary judgment, based on the state of the record at the time the motion was decided, was proper. To the extent that testimony from trial revealed any impact on royalties paid under the GMRA, that issue is discussed in greater detail below.

In their third issue, the Niverths complain that the trial court a) denied them a fair trial by misinterpreting the Amendment, b) improperly excluded evidence, c) failed to rule before trial whether Equitrans' expert would be prevented from testifying, and d) failed to issue an unambiguous order concerning the court's construction of the Amendment prior to trial. After review, we conclude that no relief is due.

In subparts a, b, and d,[6] the Niverths once more endeavor to interject parol evidence into their interpretation of the Amendment. The Niverths'

_____

[6] While most of the Niverths' argument is focused on parol evidence, as stated in their issue presented, they also allege that the trial court "fail[ed] to issue an unambiguous order concerning the court's construction of the
(Footnote Continued Next Page)

Brief at 18-35. The Niverths provide citation and analysis of myriad cases concerning the admissibility of parol evidence. However, in the case at bar, the Niverths are arguing that parol evidence was necessary to establish that there were misleading negotiations and that they were improperly, or fraudulently, induced into the Amendment. Parol evidence is not permitted for this purpose, and we have already concluded parol evidence was properly prohibited. PNC Bank, Nat. Ass'n., 14 A.3d at 839 n.5.

The Niverths also claim that the trial court failed to rule on their motion in limine before the start of trial. We conclude that the Niverths failed to preserve this issue on appeal.

The record reveals that prior to trial, the Niverths filed a motion in limine to exclude the proposed testimony of Equitrans' expert witness, Bruce Kramer. However, the trial court did not rule on this motion before trial, and the Niverths claim they were prejudiced by the trial court waiting until trial to rule on this motion. The Niverths' Brief at 36.

(Footnote Continued) ————————————

Amendment prior to trial." The Niverths' Brief at 4. However, in the argument portion of their brief, the Niverths fail to develop any specific argument regarding the alleged failure to "issue an unambiguous order." Accordingly, we are constrained to find this claim waived. See Butler v. Illes, 747 A.2d 943, 944 (Pa. Super. 2000) (stating that when an issue is not properly raised and developed in the brief, and when the brief is wholly inadequate to present a specific issue for review, this Court will not consider the merits thereof). To the extent that the Niverths may be assailing the order ruling on their motion for summary judgment, the Niverths' Brief at 19, we have already determined that the ruling on their summary judgment motion was proper in light of the state of the record at the time it was decided and that parol evidence was impermissible.

Equitrans points out that "if the trial court defers ruling on a motion in limine until trial, the party that brought the motion must renew the objection at trial or the issue will be deemed waived on appeal." Equitrans' Brief at 30 (citing Blumer v. Ford Motor Co., 20 A.3d 1222, 1232 (Pa. Super. 2011)). After review, we conclude that the Niverths failed to renew their objection to Mr. Kramer's testimony, and therefore, this claim is waived. Blumer, 20 A.3d at 1232. Moreover, had the Niverths renewed their objection, and had this issue been properly preserved for appeal, we fail to see how there could have been any prejudice; Mr. Kramer never testified. Therefore, there was no testimony that the Niverths were prevented from rebutting, and the Niverths' claim of prejudice would be deemed meritless.

Finally, the Niverths argue that the trial court erred by entering a nonsuit at the conclusion of the Niverths' case. The Niverths' Brief at 11. Our standard of review is as follows:

> A nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it in the light most favorable to the plaintiffs, could not reasonably conclude that the elements of the cause of action had been established. Furthermore, all conflicts in the evidence must be resolved in the plaintiffs' favor. In reviewing the evidence presented we must keep in mind that a jury may not be permitted to reach a verdict based on mere conjecture or speculation. We will reverse only if the trial court abused its discretion or made an error of law.

Barnes v. Alcoa, Inc., 145 A.3d 730, 735 (Pa. Super. 2016) (quoting Printed Image of York, Inc. v. Mifflin Press, Ltd., 133 A.3d 55, 59 (Pa. Super. 2016)); see also Pa.R.C.P. 230.1(a)(1) ("In an action involving only

one plaintiff and one defendant, the court, on oral motion of the defendant, may enter a nonsuit on any and all causes of action if, at the close of the plaintiff's case on liability, the plaintiff has failed to establish a right to relief.").

Here, the Niverths claim they presented evidence that revealed Equitrans was making deductions from their royalties. The Niverths' Brief at 11. Specifically, the Niverths aver that it was their understanding that they would receive from Equitrans "an unreduced one-eighth (1/8th) royalty." Id. at 12. After careful review, we discern no error in the trial court granting Equitrans' motion for nonsuit.

As noted, the GMRA provides that the lessor is to receive a statutory minimum royalty of 1/8th of the oil or natural gas removed from their property. 58 P.S. § 33.3. Ultimately, the issue concerns how the 1/8th royalty is calculated.

In Kilmer v. Elexco Land Services, Inc., 990 A.2d 1147, 1149 (Pa. 2010), our Supreme Court discussed this calculation as follows:

> [T]he GMRA requires that leases guarantee the landowner-lessor "at least one-eighth royalty of all oil, natural gas or gas of other designations removed or recovered from the subject real property." 58 P.S. § 33.[3] Although the critical term "royalty" is not defined by the statute, many leases in the Commonwealth, including the lease at issue before this Court, calculate the royalties as one-eighth of the sale price of the gas minus one-eighth of the post-production costs of bringing the gas to market. This calculation is called the "net-back method," as its goal is to determine the value of the gas when it leaves the ground (hereinafter "at the wellhead") by deducting from the

> sales price the costs of getting the natural gas from the wellhead to the market.

Id. at 1149 (footnotes omitted) (emphasis added).

The Niverths argue that allocation of post-production costs is not permitted; however, the Supreme Court of Pennsylvania clearly held that a lease that utilized the net-back method to allocate post-production costs for purposes of calculating royalties did not violate GMRA. Kilmer, 990 A.2d at 1149. Insofar as the Niverths argue that they did not agree to post-production costs, there is no evidence that they objected to this calculation when the Amendment was executed. Morevoer, while we agree with the Niverths that they were not parties to the Hoge Lease, by executing the Amendment, they assented to and ratified the terms of the Hoge Lease. The Amendment at 1.

Here, there was no evidence of any terms that would require the Niverths to surrender a portion of their contracted-for proceeds which would diminish their payments below the statutory $1/8^{th}$ royalty. There is no evidence that the amount received by the Niverths was less than $1/8^{th}$ of the sale price of the gas minus $1/8^{th}$ of the post-production costs of bringing the gas to market. This net-back method of calculation complies with Kilmer, and the Niverths have failed to present any evidence that revealed Equitrans was improperly making deductions from the Niverths' royalties. In fact, Gregory Niverth testified that the Niverths were receiving $1/8^{th}$ of the amount that Equitrans is paid at the wellhead. N.T., 10/24/16, at 78-79.

Once more, the Niverths are attempting to interject their "understanding" of the Amendment. The Niverths' Brief at 12. Simply stated, after reviewing the record, the Niverths failed to show that the amount they received was reduced in any impermissible fashion by Equitrans. Accordingly, we agree with the trial court that nonsuit was correctly granted.

For the reasons set forth above, we conclude that the Niverths are entitled to no relief. Accordingly, we affirm the judgment entered on March 8, 2017.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/8/2017